CHAMPION (UNITED STATES v.). See Case No. 14,779.

CHAMPLIN (SANDS v.). See Case No. 12,-303.

## Case No. 2,586.

### CHAMPLIN v. TILLEY et al.

[1 Brunner, Col. Cas. 71;[1] 3 Day (Conn.) 303.]

Circuit Court, D. Connecticut. 1809.

FOREIGN EXECUTORS AND ADMINISTRATORS — RIGHTS AND POWERS OF—EVIDENCE — ADMISSIBILITY OF LETTERS TO DENY PARTNERSHIP — PARTNERSHIP—BOOK ACCOUNT AS EVIDENCE OF —JOINT CONTRACT—EFFECT OF JUDGMENT ON.

1. Letters testamentary issued under the authority of one state are not available in another. But if to an action brought by an executor, on a cause of action arising in the lifetime of the testator, the defendant plead the general issue, the plaintiff cannot be required on the trial to produce any letters testamentary.

2. In an action against A. and B. as partners on a contract executed in the partnership name, A. suffered a default, and B. pleaded the general issue; held, that letters written by A. in the partnership name could not be read in evidence by B. to show that he was not a partner with A.

3. In such case an account book containing entries made by A. and B. may go to the jury as evidence of a partnership.

4. In an action on a joint contract against two, where one has suffered a default and the other has obtained a verdict, judgment must be entered up for both.

The plaintiff [Christopher Gibbs Champlin, as executor of Christopher Champlin] in his declaration stated "that at New Port the defendants [James Tilley and William Tilley], by said William Tilley, purchased of said deceased a quantity of hemp, to be manufactured at their rope factory in New London, on a credit of four months, and to secure payment thereof the defendants, at said New Port, by said William

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

Tilley, one of said firm and company, and then joint mechanic and trader with said James Tilley as aforesaid, made, executed, and to said deceased, then in full life, delivered a certain writing or promissory note, in the words and figures following, viz:—"We, William Tilley & Company, of New London, promise to pay Christopher Champlin of New Port, or his order, within four months from the date hereof, five hundred and eighty dollars, value received. Witness our hands, New Port, January 31st, 1804. William Tilley & Co. Witness, George G. Whitehorne." When the cause came on for trial, William Tilley, who had failed and absconded, was defaulted; James Tilley, the father of William, and a man of property, appeared and pleaded non assumpsit.

Daggett, for defendants, called upon the plaintiff's counsel for evidence that the plaintiff was executor to the deceased. He said that unless this were shown there was no propriety in proceeding any farther in the cause. He stated, at the same time, that no letters testamentary issued by any authority out of the state of Connecticut could be admitted as evidence before the courts of this state, according to the decision of the supreme court of errors, at their last session in Hartford. Vide Riley v. Riley, 3 Day, 74.

Goddard, for plaintiff, replied that he was somewhat surprised by the motion, though he apprehended that the defendant was too late with it, and that advantage ought to have been taken by plea in abatement, as the want of lawful appointment to be executor is a disqualification to sue in this case.

Before LIVINGSTON, Circuit Justice, and EDWARDS, District Judge.

LIVINGSTON, Circuit Justice, having inquired whether there was a profert of letters testamentary, was answered in the negative and that it was not common in our practice to make such a profert, the mere naming the plaintiff as executor being considered as sufficient to enable the defendant to plead ne unques executor.

His honor then observed that it must undoubtedly be good law that letters testamentary should be used only within the jurisdiction under which they were issued, and that he should have no doubt, in a proper stage of the proceeding, as to requiring the production of such letters issued under the authority of the state of Connecticut; and he did not see but the plaintiff in this case must produce his claim to the character of executor, if the defendant required it.

At the request of the plaintiff's counsel, the question was permitted to rest till afternoon, as he wished to look at authorities, that he might be able to show that the defendant was too late in his motion. This was assented to by the court.

At the opening of the court in the afternoon, Goddard proceeded to show that on a plea of non assumpsit, when the case is entered upon before the jury, it is too late to call for letters testamentary. He cited, as in point, Peake, Ev. (Last Ed.) 342, and Marsfield v. Marsh, 2 Ld. Raym. 824.

Daggett, in reply, stated that in Edwards v. Stapleton, Cro. Eliz. 551, Browning v. Fuller, Cro. Jac. 299. and Cutts v. Bennet, 1d. 409, it was decided that a profert of letters testamentary is matter of substance. The reason of these decisions must be because the plaintiff may be called upon to prove them to be legal and genuine.

THE COURT said that they were satisfied by the authorities read by Mr. Goddard that the plaintiff could not be called upon in this stage of the proceeding to prove his claim to the character of executor.

LIVINGSTON, Circuit Justice, said that he was of a different opinion in the morning, but was convinced by the authorities. As to the cases read by Mr. Daggett from Cro. Eliz. and Cro. Jac., it might well be matter of substance that profert of letters testamentary should be made; that the plea of ne unques executor may be tendered, while, nevertheless, the plaintiff could not be compelled to prove himself executor on trial to the jury.

In the course of the trial to the jury, the counsel for the defendant read several letters from the testator, Christopher Champlin, to the defendant, from which it appeared that the testator did not consider the defendant, James Tilley, as a member of the firm of William Tilley & Co. In one of these letters, six other letters purporting to be written by William Tilley & Co., and promising payment, were enclosed; and with them, the note on which this action was brought. The counsel for the defendant were proceeding to read these enclosed letters; but an objection being made,

THE COURT said that the letters, whether written by William Tilley or not, were entirely irrelevant; though the letters of the testator were good evidence to prove that he did not suppose James Tilley to be a partner.

An account book was produced by the plaintiffs to prove that James Tilley was connected with his son William in business. In this book two entries were found in the handwriting of James Tilley, many in the hand of William Tilley, and some in the hand of other persons.

The counsel for the defendant objected to reading to the jury any charges made in the hand of William Tilley.

BY THE COURT. The book must go to the jury, as it has been proved, and indeed conceded, that James Tilley made a few entries in it. The jury are to decide whether the book, as it is, amounts to any proof of partnership.

The jury found a verdict for the defendant.

His counsel then moved that judgment should be entered up for both defendants, though one of them had been defaulted.

THE COURT said this was the correct

mode of proceeding; for if the jury had found that one defendant assumed and promised, and the other did not, judgment must have been entered up for both, the declaration being founded on a joint promise only.

NOTE. Parties—Objection to, When must be Made. Any objection to the character of the parties must be made, if at all, at an early stage in the cause; it is of a preliminary nature and cannot be raised on the general issue. See Bank v. Ford, 27 Conn. 289; Bank v. Church, 29 Conn. 148, citing case in text. As to foreign administrators and executors as parties, and their rights and powers, see Curtis v. Smith [Case No. 3,505]; Hobart v. Turnpike Co., 15 Conn. 147, where case in text is cited.