Bennington,
February,
1840.

LYMAN WAY *v.* SERENUS SWIFT.

The condition of a recognizance, " that the appellant should prosecute his appeal to effect, and answer and pay all intervening damages, and additional costs in case of failure," is, in effect, the same which the statute prescribes. In case the judgment below is affirmed, such recognizance is forfeited.

It is not necessary to aver, in a declaration against bail for an appeal, that the judgment against the original debtor remains unsatisfied.

The want of a profert, when necessary, is only cause of special demurrer.

In a suit against bail for an appeal, in a case where the bail on the writ had become fixed by a return of "*non est inventus*," the defendant pleaded in bar, that the debtor had paid the plaintiff the sum of thirty one dollars, and, in consideration thereof, the plaintiff agreed to and with the bail on the writ to discharge him from all liability and to accept of said sum in full satisfaction thereof, it was held, on general demurrer, that a replication, denying such agreement, and the receipt of said sum of $31, or any other sum, in full satisfaction and discharge of the bail on the writ, was sufficient, though the plaintiff also added, in the conclusion of his replication, "nor in satisfaction of the defendant's liability."

DEBT, upon a recognizance.

The plaintiff, in his declaration, alleged, in substance, that on the twenty first day of April, 1834, at Manchester, in the county of Bennington, by the consideration of Loring Dean, a justice of the peace within and for said county of Bennington, he recovered a judgment, in a suit then pending before said justice, in his favor and against one James Wakefield for the sum of ten dollars damages and two dollars thirty two cents costs, from which judgment the said James appealed to the county court then next to be held at Manchester, within and for said county of Bennington, on the fourth Tuesday of September, 1834; that, on that occasion, the defendant appeared before said justice, and then and there became recognized to the plaintiff, in the sum of fifty dollars, " conditioned, *that the said James should prosecute his* " *said appeal to effect, and answer and pay all intervening* " *damages and additional costs, in case of failure;*" that the said appeal was, by the said James, duly entered in said county court, at the term aforesaid, at which term of said court, the plaintiff recovered [a judgment in said suit for the sum of $10,90 damages and $14,47 costs, upon which last mentioned judgment the plaintiff, on the sixth day of October, 1834, prayed out a

BENNINGTON,
February,
1840.

Way
v.
Swift.

writ of execution in due form of law, which writ of execution was afterwards, on the first day of December, 1834, returned into the office of the clerk of said court, by a legal officer, with a legal return of *non est inventus* thereon indorsed; that at the said term of said county court, the said James filed exceptions to said last mentioned judgment, which were allowed by said county court, and such further proceedings were had in said suit, that, at a session of the supreme court, held at Manchester within and for said county of Bennington, on the second Tuesday next following the fourth Tuesday of January, 1835, the said judgment was affirmed mith additional costs, taxed at $5,35; "which said " judgments of said county and supreme court remain in " full force and virtue, in no wise annulled set aside and va- " cated, as appears by the records thereof now here ready " to be shown to this court, and the said recognizance has " become forfeit, by reason of the said James' not having " prosecuted his said appeal to effect, whereby an action " hath accrued to the plaintiff to have and recover of the " defendant the amount of said recognizance."

The defendant pleaded, in bar, "that after the rendition " of the final judgment before the said supreme court in " the said suit in favor of the said Lyman against the said " James Wakefield, to wit, on the 15th day of September, " A.D. 1835, at said Manchester, he, the said Lyman, applied " to Luther Hills of Dorset in said county, who indorsed the " original writ, and was bail or surety for said James upon " the *mesne process* in the said suit in favor of the " said Lyman against the said James, and, as such, " stood in the place and stead of the said James, and " whose liability, as such, extended to the whole amount " of the judgment, including the damages and all the " costs thereupon recovered in the said suit in favor of the " said Lyman against the said James, as aforesaid, and then " and there in consideration of a large sum of money, to wit, " the sum of thirty one dollars, then and there paid and ad- " vanced by him the said James to him the said Lyman, he " the said Lyman did then and there promise and agree to " and with the said Luther, to release and discharge him " the said Luther, and to accept that sum in full satisfaction " and discharge of the said Luther, from all his said liability

" or accountability as bail or surety for the said James in the " said suit, and on the said judgment,¶as aforesaid, all which " the said defendant is ready to verify," &c.

The plaintiff replied " that the said James Wakefield did " not, on the fifteenth day of September, 1835, nor at any " any other time, pay to the said Lyman the sum of thirty " one dollars, and the said Lyman did not agree or promise, " in consideration thereof, to release or discharge the said " Luther and did not accept the sum of thirty one dollars, " nor any other sum, in full satisfaction or discharge of the " said Luther, nor in satisfaction of the defendant's liability " on his said recognizance in ,manner and form," &c.

The defendant demurred, generally, to said replication and the plaintiff joined in demurrer.

The county court decided that the replication was sufficient and rendered a judgment for the plaintiff, and the defendant excepted to the decision.

*Defendant pro se.*

I. The plaintiff, in his traverse to the defendant's plea in bar, does not allege nor state that he did not receive some other or different sum than thirty one dollars, nor that he did not for some other or different consideration than $31, agree or promise to release and discharge the bail on mesne process, nor does he allege or state that he did not accept some sum of money in satisfaction or discharge of his said judgment, but he says, that he did not accept it in satisfaction of the defendant's liability on his recognizance, which is not alleged or stated in the plea. 1 Ch. Pl. 587-8. 1 Sw. Dig. 623-4-5-6, 8. &c.

II. The defects in the plaintiff's declaration, to which the demurrer extends, are more manifestly bad.

1. The condition of the recognizance, taken in this case, as set forth in the plaintiff's declaration, is totally variant from the one prescribed and required by the statute to be taken in such cases. Without insisting on the strictness, as laid down in the books, that, in reciting the condition of a recognizance, a literal variance from the condition prescribed by the statute, even in the most minute and insignificant word, is fatal, (1 Ch. Pl. 304, 355-6) in the present case, the variance is substantial and material. There are two or rather three distinct conditions annexed to the recognizance, as re-

quired by the statute—one is, "*that the appellant shall prosecute his appeal to effect.*" Another is, "*that he shall answer and pay to the appellee all intervening damages occasioned to him by his being delayed,* and, thirdly, *his additional costs, in case judgment be affirmed.*" See Stat. p. 125. In the recognizance set forth in the declaration, there is properly but one condition,—the prosecution to effect—and that not set forth in the language, nor substantially, as given and required by the statute, and this condition the declaration shows has been fully complied with. Although there is inserted in the condition " that he should answer and pay all intervening damages, and additional costs," the plaintiff does not state to whom, nor what intervening damages, &c. and *that* only in case of failure in performing *that one condition*, the prosecution to effect, and the breach of that condition is the only breach which he relies upon to recover in this suit, and besides he has not averred that there have been any intervening damages in any way, or additional costs— nor that they have not been paid. 1 Ch. Pl. 232, 355-6. 1 Swift's Dig. 598-9. 1 Cond. U. S. R. 311. Ib. 508. 1 Esp. R. 98, 273. 1 Chip. R. 213, 10. Vt. R. 457.

2. The only averments in the declaration, upon which the plaintiff raises the liability or indebtedness of the defendant on his recognizance, or sets forth any breach of its condition, (and this is mere statement) is, " *that the judgments of the county and supreme court remain in full force and virtue, in no wise annulled, set aside or vacated*"—and " *that the recognizance had become forfeit by reason of the said James*" (the appellant) " *not having prosecuted his said appeal to effect*," whereas, as before remarked, the declaration itself shows *that condition* of the recognizance to have been fully complied with, and as to the other conditions in the recognizance required by the statute, there is no averment or assignment of breach whatever, and what is claimed on the part of the defendant, that the judgments have been paid and discharged, is in no wise denied by the plaintiff, and it is not averred, alleged or stated in his declaration that the judgment or the recognizance, or the intervening damages or additional costs have not been paid, nor that there have been

BENNINGTON,
*February,*
1840.

Way
*v.*
Swift.

any intervening damages or additional costs, which is necessary to entitle plaintiff to a recovery in the suit. 1 Ch. Pl. 308, 309, 319, 325, 326, 329, 332. 1 Swift's Dig. 664, 676, 695, 700. 2 Ch. Pl. 220. 2 Co. Inst. 303, a.

3. There is no profert of the record of the recognizance. 1 Ch. Pl. 356. 2 Vt. R. 117.

*Sargeant & Miner* argued for the plaintiff, and cited 1 Ch. Pl. 639, 640, 354. 355, 356, 647.

The opinion of the court was delivered by

BENNETT, J.—It is objected, in the argument, by the defendant, that the plaintiff's declaration is insufficient, and we will first consider the objections taken to it. It is said the condition of the recognizance, set forth in the declaration, is variant from the one prescribed by the statute ; but we think not. The condition, as set forth in the declaration, is, "that the appellant should prosecute his appeal to effect and answer and pay all intervening damages and additional costs in the case of failure." It is true that the statute, after the words, " intervening damages," adds, " occasioned to the appellee by his being delayed." It also closes the condition by the words, " in case judgment be affirmed ;" instead of " in case of failure," as used in the declaration. But the legal effect is the same. *Intervening* damages, *ex vi termini*, import such as accrue between the appeal and final judgment, and it is to be intended, from the declaration, that they must accrue to the appellee as a consequence of the delay. There is but a single condition to the recognizance, and that is that the appellant shall prosecute his appeal to effect. If he fails in this, the bond is forfeited. The residue of the condition is intended only to measure the extent of the liability of the bail in case of the forfeiture of the recognizance, and the court will, on motion, chancer the recognizance to such sum as the plaintiff was entitled to recover for intervening damages and additional costs. It appears, from the declaration, that the judgment of the justice was affirmed in the county court, and the judgment of the county court in the supreme court. It is alleged in the declaration that the appellant did not prosecute his appeal to effect, and

most clearly this averment is well warranted from the facts set forth. Though the plaintiff has not alleged, in his declaration, any intervening damages, yet he has distinctly alleged and set forth the additional costs occasioned by the appeal. The want of an averment of intervening damages would not affect the declaration, though it might the rights of the party, on a motion to chancer. It is further objected that it is not alleged, that the judgment, the recognizance, the intervening damages or additional costs remain unpaid. In 1 Chitty Pl. 356, it is laid down, that this allegation is unnecessary. See, also, 1 Saund. 330, n. 4. If the judgment did not remain unsatisfied, it was matter of defence, and the defendant might have averred it in his plea. Whenever a profert is necessary, its omission is only cause of special demurrer.

There is, then, we think, no substantial defect in the declaration, which renders it bad on general demurrer.

Admitting that the defendant's plea in bar is good, which is certainly questionable, the plaintiff's replication is a sufficient answer. It is a substantial denial of the facts contained in the plea. It negates the fact that Wakefield, at any time, paid to the plaintiff thirty one dollars, and that the plaintiff, in consideration of the receipt of it, promised the bail on the writ to release and discharge him from his liability, or that he received the said sum, or *any other*, *in full satisfaction*, or *discharge of the bail* on the writ, or *in satisfaction* of the defendant's liability on his recognizance.

The defendant's plea says, in consideration of the thirty one dollars, paid by Wakefield, the plaintiff promised to discharge Hill, who was bail on the writ, from all liability as bail, and on the judgment. It is manifest that Hill was in no way holden to respond the judgment, but as bail on the writ, and this is the only liability the case showed he was under. The averment in the plea, then, in substance, is, that the plaintiff promised to discharge such liability, and this is directly traversed. The defendant, by his plea, seems to claim that a discharge of the bail on the writ was, in legal effect, a discharge of his recognizance, though he has not averred it in terms. If it is not so, most manifestly the plea is bad. The traverse, then, cannot be objectionable, on gener-

ral demurrer, on the ground that it also negates the legal infe-rence that the discharge of Hill from his liability as bail on the writ also discharges the defendant. In 1 Chitty Plead. 597, it is said, if a traverse be of matter that is immaterial, or of an inference of law, the other party may demur, specially, and that a defect in a traverse is only matter of special de-murrer.

Judgment affirmed.