HOBART *against* THE CONNECTICUT TURNPIKE COMPANY.

*Fairfield,*
June, 1842.

Hobart
*v.*
Connecticut
Turnpike Com-
pany.

An executor under a will approved in another state, has no power to sue in our courts for a claim due to his testator's estate.

The statute of limitations begins to run against a claim in favour of a deceased person's estate, which accrued after that person's death, only from the time of proving the will, or granting administration in this state.

Therefore, where a testatrix died in *New-York,* in 1822, owning stock in a turnpike company in this state; her will was approved, and her executors were qualified in the state of *New-York,* soon after her decease; in *September,* 1841, administration was granted on her estate here, and an administrator *cum testamento annexo* appointed; to an action brought by this administrator, against the turnpike company, to recover dividends declared between *April,* 1826, and *April,* 1834, the defendants pleaded the statute of limitations; and it was held, that the statute began to run against this claim only from the granting of administration here; and consequently, the claim was not barred.

THIS was an action of debt, brought by the plaintiff, as administrator of the estate of *Sarah Startin,* deceased, late of the city of *New-York,* to recover certain dividends made on ten shares of the capital stock of *The Connecticut Turnpike Company,* after her decease. The defendants pleaded, that the cause of action did not accrue to the plaintiff at any time within six years before the commencement of the plaintiff's action against them. On this allegation, issue was joined.

*Sarah Startin* died in the state of *New-York,* in the year 1822; and, at the time of her decease, was the owner of ten shares of the stock of said company, as stated in the declaration; which shares have ever since belonged to her estate. She left a will, of which *T. L. Ogden* and *Richard Dunn* were executors. This will was approved in the state of *New-York,* soon after her decease; but it was never approved in the state of *Connecticut,* nor was administration on her estate taken here, until the 7th of *September,* 1841; when the will was duly proved before the court of probate for the district of *Stamford,* and administration with the will annexed, was granted to *Dayton Hobart,* the present plaintiff. From *April,* 1826, to *April,* 1834, inclusive, the defendants made and declared a dividend of 30 dollars on said ten shares, at the expiration of every term of six months, except that at the term ending in *October,* 1826, the dividend was only 17 dol-

*Fairfield,*
June, 1842.
———
Hobart
*v.*
Connecticut
Turnpike Com-
pany.

lars, 50 cents.   These dividends were payable to such person or persons as were, or should be, legally empowered to receive them, on account of said estate.   Generally, no time of payment was specified.   The dividends which accrued, and were declared, after the death of the testatrix, and before *April,* 1826, were paid, by the treasurer of the defendants, to said *Ogden* and *Dunn,* as executors, on the 22nd of *May,* 1826 ; and those which accrued and were declared after *April,* 1834, and before the commencement of this suit, were paid, by the defendants, to the plaintiff, as the attorney of said executors.   On the 14th of *September,* 1841, the plaintiff, after giving the defendants notice of his character as administrator, made demand of them of the dividends first mentioned—*viz.* those which accrued between *April,* 1826, and *April,* 1834, inclusive ; but the defendants refused to pay them, or any part thereof.   No other demand has ever been made upon the defendants for these dividends ; and these alone are sought to be recovered in this action.

The defendants are a company incorporated by the General Assembly of this state, with the powers specified in their charter, published among the *Private Statutes, p.* 1242. & seq.

The case was reserved for the advice of this court, on the question, whether the claim of the plaintiff for the dividends for which this action is brought, is barred, by the statute of limitations of this state.

*Hawley,* for the plaintiff, contended, 1. That the defendants were not liable to be sued, until demand of the dividends, made by some person authorized to demand them, and sue for them.   This corporation is not bound to look up its stockholders, to pay them their dividends.

2. That there was no person who had such authority to demand the dividends, and sue for them, until shortly before this suit was brought.   The *New-York* executors could not sue here.   *Riley* v. *Riley,* 3 *Day,* 74.   *Champlin* v. *Tilley,* 3 *Day,* 303.   *Goodwin* v. *Jones,* 3 *Mass. Rep.* 514.   *Campbell* & al. v. *Sheldon* & al. 13 *Pick.* 8.   *Cutler* v. *Davenport,* 1 *Pick.* 81.

3. That until there was a party capable of suing in our courts, there was no cause of action.   *Murray* v. *The East India Company,* 5 *B. & Ald.* 204.   2 *Saund. Pl. & Ev.* 179.

4. That as there was no administrator appointed in this state until the 7th of *September*, 1841, less than six years have elapsed since the cause of action accrued ; and consequently, the claim is not barred by the statute of limitations.

*Bissell*, for the defendants, contended, 1. That a party could not prevent the statute of limitations from running, by neglecting to make demand. Otherwise, he might shun the statute indefinitely, by his own negligence.

2. That the executors appointed by the testatrix, who represented her rights, might have demanded and received these dividends, as they did the other dividends, which accrued before and after these.

HINMAN, J. So much of the finding of the court, as relates to the approving of the will of Mrs. *Startin* in *New-York*, the acceptance of the trust by the executors, and the conduct of the executors in relation to the estate, under the orders of the surrogate, may be laid entirely out of consideration.

No claim is made, by the plaintiff, for any dividends on this turnpike stock, accruing previous to *April*, 1826, or subsequent to *April*, 1834. It is, therefore, wholly immaterial, whether any of those dividends have been paid to the executors in *New-York*, or not. As they are not now demanded in this suit, they can have no effect upon those that are. Besides, it is well settled, that, at common law, the power of an administrator is co-extensive only with the jurisdiction of the court that appoints him. And though an executor receives his power by the will of the testator, yet his right to appear in any court, and the validity of his acts in that capacity, depend wholly on the probation of the will of the prerogative court within the limits of that local jurisdiction in which he claims the power to act. *Riley* v. *Riley*, 3 *Day*, 74. *Champlin* v. *Tilley*, 3 *Day*, 303. *Dixon's* exrs. v. *Ramsay's* exrs. 3 *Cranch*, 319. 323.

We do not recognize the existence of administrators or executors appointed or approved in a foreign jurisdiction. These executors, therefore, have no power here ; having never proved the will here, nor given bond to our probate court.

*Fairfield,*
June, 1842.

Hobart
*v.*
Connecticut
Turnpike Com-
pany.

The dividends for which this suit is brought, it will be observed, accrued to Mrs. *Startin's* estate after her decease, and before her will had been proved, or administration taken on her estate ; and more than six years previous to the com·mencement of this suit. But administration was not taken on her estate till 1840, much less than six years previous to the commencement of the suit. And the question is, whether the plaintiff's claim is barred, by the statute of limitations. And this depends upon the answer to another question, namely, when did the statute begin to run against this claim? Was it when the dividends accrued, or when administration was granted on her estate? And this precise question was decided, in the case of *Murray* v. *East India Company,* 5 *B. & A.* 204. (7 *E. C. L.* 70.) in which *Abbott,* Ch. J., in giving the unanimous opinion of the court of *King's Bench,* after referring to the authorities, and coming to the conclusion that they sustained the claim of the plaintiff, that the statute did not begin to run till the granting of administration, says : " Now, independently of authority, we think it cannot be said, that a cause of action exists, unless there be also a person in existence capable of suing."

That case was twice argued in the court of *King's Bench,* and the question settled, upon great deliberation. We believe it to have been correctly settled. But even if the question was a doubtful one, we should feel bound to yield to the authority of a decision so deliberately made.

We, therefore, advise the superior court, that the plaintiff is entitled to recover the dividends claimed in this action.

In this opinion the other Judges concurred.

Judgment for plaintiff.