STEPHEN MITCHELL'S Adm'r *vs.* ABNER H. WOODWARD AND ELWOOD WOODWARD.

New Castle County, February Term, 1897.

**Promissory Note. Alteration. Evidence.**—In an action on a promissory note which is alleged to have been altered, since its execution and delivery, the alteration is matter of defence and not ground of objection to the admission of the note in evidence.

**Promissory Note. Executors and Administrators. Pleading.**—In an action on a promissory note by an administrator, where the promises in the declaration are laid to the intestate, under a plea of non-assumpsit, the character of the plaintiff as administrator, is not put in issue, but is admitted.

**Same.**—Where the promises are laid to the intestate only and not to the administrator, the plea of *non assumpsit* admits the character in which the plaintiff sues.

**Promissory Note. Executors and Administrators.**—Where, in an action on a promissory note, by an administrator, the note sued on is alleged to have been altered, the fact of alteration if it exists, is a transaction with the deceased and the defendant is not competent to prove it.

This was an action on a promissory note, dated March 23, 1889, made by Abner H. Woodward and Elwood Woodward, payable to the order of Stephen Mitchell, twelve months after date, the amount of note being $650, with interest from date; maturing March 26, 1890. The plaintiff declared as administrator, but did not plead letters of administration with a profert. The declaration contained one count only, which was upon the note, in which the promises were laid to the intestate. A copy of the note was filed under the declaration.

The pleas were *non assumpsit*, payment, set off and act of limitations.

*Nields,* for the plaintiff, offered the note in evidence.

Argument.

*Whiteman,* for the defendant, objected on the ground that the date on the note had been altered so to bring it within such a time that the statute of limitations will not operate.

LORE, C. J. That is a matter of defence. By distinct statutory provision, a copy of the note is filed with the declaration. That waives the necessity of all proof, but it does not cut the defendant out of his defence whatever it may be. *Hollis vs. Vandegrift,* 5 Houst. 521, broadly decides this question. We think it is admissible.

*Whiteman,* for the defendants, submitted a motion for a nonsuit, upon two grounds:

First. Because it had not been proved by the plaintiffs that the note in question was a paper found among the assets of Stephen Mitchell, deceased.

Second. Because there was no evidence introduced of the death of Stephen Mitchell and the granting of letters of administration to the plaintiffs. *Wilson vs. Vandyke,* 2 Harring. 229.

LORE, C. J. The plea of *non-assumpsit* puts in issue expressly every material point. Your right to recover in the name of these parties as administrators is a material fact, because if they are not administrators they have no right to recover, and therefore it is material that we should know that they are proper parties.

*Mr. Nields* asked that a juror be withdrawn and that he be permitted to amend his pleadings.

LORE, C. J.: It is not a matter of amending pleadings, but it is an amendment of proof. There is not one particle of proof here to show that these parties are in this Court.

The nonsuit was granted.

*Nields,* for the plaintiffs, refused to take a nonsuit and the jury was instructed to return a verdict for the defendant.

Verdict for the defendant under direction of the Court and a rule *nisi* was granted to show the cause why a new trial should not be granted.

*Nields*, in support of rule, contended that the omission of the profert was now aided, unless the defendants demur specially for the defect.

Besides the ordinary defences, the defendant may by his plea, deny the plaintiff's representative character, by pleading *ne unques* executor or administrator, or deny the fact, under either of which pleas he may dispute the sufficiency of the grant of probate or administration, &c.

The plaintiff's character of executor or administrator must be proved except where it is dispensed with by the defendant's plea, as by *non assumpsit* to an action on promises to the intestate, when the production of the letters of administration cannot be insisted upon even though they be not properly stamped. 1 Sand. Pl. & Ev. §§ 498–504; *Thyme vs. Prothoroe*, 2 M. & L. 353; Chitty, Pl. 489; 3 Williams, Executors 2000.

"Letters testamentary and letters of administration must be pleaded with a profert, at least, when the executor or administrator is the plaintiff." 1 Chitty, Pl. 366. "However, the omission of a profert, when necessary, can only be taken advantage of by special demurrer." "The omission of the profert, when necessary, is now aided unless the defendant demur specially for the defendant." 1 *id.* 420; *McKim et al. Executors vs. Riddle*, 2 Dal. 100.

The plaintiffs in their declaration allege a promise to the intestate; the defendants in their plea of *non assumpsit* put in issue the promise to the intestate only.

"If the plaintiff sues as executor, and there is no plea of *ne unques* executor or administrator, the plaintiff's right to sue is admitted, and no evidence can be required of the *death of* the testator or intestate. *Lloyd vs. Finlayson*, 2 Esp. 564; 1 A & E. Encyc. L. 370; *Newman vs. Jenkins*, 10 Pick. 515; Shipman's C. L. Pl. 283; *Norman vs. Bradley*, 2 Wall. 394.

It is a universal rule in pleading that all traversible allegations in the declaration, not put in issue by the pleadings, are admitted.   Gould, Pl. 141, §§ 167, 168.

" In all actions of assumpsit, without distinction, the defendant was under the general issue permitted not only to contend that no promise was made, or to show facts impeaching the validity of the promise, but (with some few exceptions) to prove any matter of defence whatever which tends to deny his debt or liability; for example a release or performance." Stephen, Pl. 162.

The general rule of pleading here and which formerly existed in England until their new regulations in actions of assumpsit is, that any matter which shows that the plaintiff never had a valid cause of action in the case or the insufficiency or illegality of the consideration of the contract at the time when it was made, as well as most matters which show that at the time of the commencement of the suit the plaintiff had no subsisting cause of action against the defendant as payment, accord and satisfaction may be given in evidence under the general issue.   And such has been the familiar practice in our Courts.   *Cleaden vs. Webb,* 4 Houst. 481; *Phleger vs. Ivins,* 5 Harring. 120.

The capacity of these plaintiffs to sue can only be put in issue by a plea in abatement or a special traverse.

" The only way in which a defendant can except to the capacity of the plaintiff to sue is by a plea in abatement.   If the defendant in this cause had entertained any doubt as to the character or capacity of the plaintiff, he should have filed his plea in abatement, by which he could have tried the question of infancy." *Graham, Adm. vs. Cain,* 2 Harring. 102.

*Whiteman,* for the defendant, replied.

LORE, C. J. (delivered the opinion of the Court).

The plaintiff declared as administrator, but did not plead letters of administration with a profert.   The declaration contained

one count only, which was upon the note, in which the promises were laid to the intestate. The pleas were *non assumpsit*, payment, statute of limitations and set off. At the trial, the plaintiff offered in evidence a note, but did not produce the letters of administration or any proof thereof.

The counsel for the defendant moved for a nonsuit on the ground that the plea of *non assumpsit* put in issue the character of the plaintiff as administrator, which must therefore be proved as averred in the *narr*, and cited *Wilson vs. Vandyke*, 2 Harring. 29 ; and also the uniform practice in this Court of proving the grant of letters in suits by administrators. No authority was produced to the contrary. A nonsuit was therefore granted. The plaintiff declined to accept the nonsuit; thereupon the jury, under the direction of the Court, rendered a verdict for the defendant.

The case now stands on a rule *nisi* for a new trial ; upon the ground that as the promises in the declaration were laid to the intestate, under the plea of *non assumpsit* the character of the plaintiffs as administrators was not put in issue, but was admitted. This rule has been well argued both upon principle and authority.

The leading case, *Thynne vs. Protheroe*, 2 Maule & Selwyn 553, was an action of assumpsit by an administrator. The promise in the *narr* was laid to the intestate, with a profert of the letters of administration. The plea was *non assumpsit*. At the trial the letters were produced under a notice, and found to be on a stamp of too low a denomination to sustain the action ; and for that reason under statutes 9 and 10 W. 3, could not be given in evidence. The plaintiff was nonsuited, for the reason that he had failed to prove his title as administrator. Under a rule *nisi* for a new trial, the Court by Lord Ellenborough, C. J., who sat in both hearings, said : " That in this cause upon the general issue, the plaintiff had no occasion to produce the letters of administration at all, for the plea admitted that he was administrator and therefore the defendant had no right to insist upon their production. And if this could be done it would be the means of getting the benefit of *ne unques* administrator upon the general issue."

Lord Ellenborough distinguished this case from *Hunt vs. Stevens*, 3 Taunton 113; because here the promises are laid in the *intestate*; and there the administrator declared upon a conversion *in his own time*. The case at bar may be distinguished from that of *Wilson vs. VanDyke*, 3 Harring. 29, for like reason.

The case of *Thynne vs. Protheroe* differs from the case at bar in this; that their letters of administration were properly pleaded with a profert, and the letters actually produced at the trial, but were not admitted in evidence; while here no profert was made. Letters of administration must be pleaded with a profert where the administrator is the plaintiff. 1 Chitty, Pl. 366. But the omission of a profert when necessary, can only be taken advantage of by special demurrer. *Id.* 366; *Brown vs. Copp*, 5 N. H. 221; *Bank of U. S. vs. Sill*, 3 Conn. 111; *Chaplain vs. Chilley*, 3 Day 303.

Pleading over waives the defect, and admits the character of plaintiff as administrator.

It is well settled that where the promises are laid to the intestate only, and not to the administrator, the plea of *non assumpsit* admits the character in which the plaintiff sues. 1 Saunders, Pl. & Ev. 496; 1 Chitty, Pl. 489; *McKim et al. Executors vs. Riddle*, 2 Dallas 100; *Way vs. Swift*, 12 Vt. 390; *Lloyd vs. Finlayson*, 2 Esp. 564.

The reason seems to be, that as *non assumpsit* puts in issue only matters that tend to deny the debt or liability that when the debt or liability is to the intestate, and so laid in the declaration, the plaintiff's character as administrator is not at issue, and can only be put in issue by special traverse.

With this view of the law we are constrained to make the rule absolute, set aside the verdict and grant a new trial, and so order.

At the second trial, *Whiteman*, for the defendant, stated that the defence was the statute of limitations, claiming that the date of the note had been altered to bring it within the statute.

Syllabus.

Elwood Woodward, one of the defendants, being called to the witness stand, was handed the note and asked : " Does that paper bear the same date now that it bore the day you affixed your signature to it ?

*Nields* objected to the question on the ground that as it was a contract and transaction with the deceased, another witness was incompetent to testify under the statute.

*Whiteman.* The statute does not disqualify the witness, it only limits his competency to matters outside of transactions with the deceased. The alteration is not a part of any transaction with him. It is a substantial fact in the knowledge of the defendant with which the defendant had nothing to do. *Page et al. vs. Danaher et al.*, 43 Wis. 221 ; *Trimble Adm'r. vs. Mirns*, 92 Ga. 103.

The objection was sustained.

*Verdict for the plaintiff.*