3. That this agreement, being parol, cannot be proved.

*Smith*, (of Woodbury) and *Gould*, for the defendant in error, argued, That a mistake in an instrument is always a head of relief in chancery ; and that the very idea of a mistake precluded its being in writing. They cited *Joynes* v. *Statham*, (e) *Shelburne* v. *Inchiquin*, (f) 1 *Pow. Con.* 432, *Crosby* v. *Middleton*, (g) *Baker* v. *Paine*, (h) *Simpson* v. *Vaughan*, (i) *Henkle* v. *Royal Exchange Assurance Company*, (j) *Pitcairn* v. *Ogbourne*, (k) *Chapman* v. *Allen*, (l) *Matson* v. *Parkhurst*, (m) and *Cook* v. *Preston*. (n)

BY THE WHOLE COURT,

The judgment was affirmed.

(e) 3 *Atk.* 358, [389]       (f) 1 *Br. Ch. Ca.* 341.
(g) *Prec. Ch.* 309.        (h) 1 *Ves.* 459.
(i) 2 *Atk.* 31.         (j) 1 *Ves.* 318.
(k) 2 *Ves.* 376.         (l) *Kirby* 399.   o
(m) 1 *Root* 404.        (n) 2 *Root* 78.

# Bishop *v.* Bull.

## In the original action,

GEORGE BULL, WILLIAM JUDD, NOADIAH HOOKER, and LUKE WADSWORTH, *Plaintiffs;* ABRAHAM BISHOP and JOHN BISHOP, *Defendants.*

# ACTION of *assumpsit.*

The defendants were thus described in the writ : " *Abraham Bishop* of New-Haven, and *John Bishop*, " *heretofore of said New-Haven, now dwelling and inhabit-* sufficient, though B. should become an inhabitant before the return-day of the writ.

In an action on a joint contract against A. and B. describing B. as not an inhabitant of this State, service on A. alone is

1803.

BISHOP
v.
BULL.

" *ing in the Kingdom of Great-Britain.*"   The defendants, having suffered a judgment against them, by default, in the County Court, brought a writ of error to the Superior Court, for error in fact, averring, that nineteen days before the return-day of the writ, *John Bishop* arrived in New-Haven, where he had ever since remained, and that he had never had any legal, or actual notice of the suit.

The defendants in error pleaded specially, that the action was brought on a joint contract, and that more than thirty days before the return-day of the writ, it was duly served on *Abraham Bishop.*

To this plea there was a demurrer.   The Superior Court adjudged the plea sufficient, and affirmed the judgment of the County Court.

*Ingersoll* and *Smith*, (of New-Haven) for the plaintiffs in error.

*Perkins*, (of Hartford) and *Staples*, for the defendants.

BY THE WHOLE COURT,

The judgment was affirmed.

## Stewart *v.* Warner.

In the Court below,

JONATHAN WARNER and GIDEON LEET, *Plaintiffs ;*
JAMES STEWART, *Defendant.*

The sentence of a foreign court of admiralty is conclusive, and cannot be impeached in this country, until regularly set aside, in the country where passed.

THIS was an action of trover, for the conversion of the brigantine *Matilda*, in common form.