Duryee v. Hale.

SACKETT L. DURYEE *vs.* ALMARIN R. HALE AND ANOTHER.

A judgment was rendered in the state of New York against *H* and *O,* residing in this state, as partners and joint debtors, upon service of the process upon *O,* but with no legal ·notice to *H.* The statute of New York provides that judgment in such a case may be rendered against both defendants, and that the defendant not served with notice shall be concluded by the judgment as to the amount of the indebtedness, but not further. Held, that an action of debt on such a judgment against both the defendants could be sustained in this state, but that it was necessary for the plaintiff to prove the original cause of action against the defendant not served with notice.

The ground on which, consistently with established principles, such a judgment can be held conclusive as to the amount of the indebtedness against the defendant not served with notice, is, that by reason of the relation existing between them growing out of the joint character of their contract, the defendant served with notice may be regarded as authorized to act for the other defendant, so far as to bind him by his admission of the amount of the debt.

Where therefore there is a failure to prove, in the action founded on the judgment, a joint liability of the two defendants, the defendant not served with the process can not be regarded as affected to any extent by the judgment.

Where in an action on such a judgment, with the common counts in debt, the proof introduced for the purpose of establishing the original cause of action, showed a several and not a joint liability on the part of the defendant not served with the process, it was held that a joint judgment could not be rendered against the defendants, nor two several judgments ; but that the only course which the

plaintiff could take, to entitle himself to any recovery, was, to withdraw his suit against one of the defendants and take judgment against the other, under the statute (Rev. Stat., tit. 1, § 150,) which allows a judgment to be recovered against one of several joint defendants where the case is not made out against the others.

DEBT on judgment, with the common counts in debt; tried in the superior court on the general issue closed to the court. The following facts were found by the court.

On the 16th day of January, 1858, the defendant Hale, was justly indebted to the plaintiff in the sum of $102 for goods bought. On that day, in consideration of this indebtedness, he gave the plaintiff a note for that sum, signed " A. R. Hale & Co.," payable in three months, to the order of the makers, and by them indorsed. On the 11th of March, 1858, Osgood, the other defendant, formed a copartnership with Hale, under the name of " A. R. Hale & Co." Prior to that time Osgood had had no connection with any firm by the name of " A. R. Hale & Co.," and was not liable to pay the note previously given by Hale under that name. On the 21st of May, 1860, the supreme court of the state of New York, for the city and county of New York, having jurisdiction of the cause, in an action brought on the note in favor of the present plaintiff, against the present defendants, as partners, rendered judgment against both defendants for the sum of $116.88, and costs of suit. The defendant Osgood was served with process, but Hale was not. Hale was present at the time of the service on Osgood, and had knowledge of the existence of the suit; but neither of the defendants appeared. The plaintiff then resided and has since continued to reside in the city of New York, and the defendants then resided and have since continued to reside in Norwich, in this state. The judgment and note remain unpaid. The statute of New York, which was then in force, is as follows :—" Sec. 1. In actions against two or more persons jointly indebted, upon any joint obligation, contract or liability, if the process is issued against all the defendants, and shall have been duly served upon either of them, the defendants so served shall answer to the plaintiff; and in such case the judgment, if rendered in favor of the plaintiff, shall

be against all the defendants, in the same manner as if all had been served with process. Sec. 2. Such judgment shall be conclusive evidence of the liability of the defendant who was personally served with process in the suit, or who appeared therein; but against every other defendant it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence. Sec. 3. Execution upon every such judgment shall be issued in form against all the defendants, but the attorney issuing the same shall indorse thereon the names of such of the defendants as were not served with the process by which the action was commenced, and shall direct such execution to be served as provided in the next section. Sec. 4. Such execution shall not be served upon the person of any defendant whose name is so indorsed thereon; nor shall it be levied on the sole property of any such defendant; but it may be collected of the personal property of any such defendant owned by him as a partner with the other defendants taken, or with any of them."

. On these facts the case was reserved for the advice of this court as to what judgment should be rendered.

*Wait* and *Pratt*, for the plaintiff.

1. The judgment in New York having been rendered by a court of competent jurisdiction, is conclusive evidence as to the indebtedness of Osgood and his liability on the note. *Coit* v. *Tracy*, 8 Conn., 268; 2 Phillipps on Ev., (4th Am. Ed.,) 187, and cases cited; *Bank of State of Alabama* v. *Dalton*, 9 Howard, 522; *McElmoyle* v. *Cohen* 13 Peters, 312.

2. Hale is also bound by the judgment, he having actual notice of the pendency of the suit, and having an opportunity to appear and defend. *Wood* v. *Watkinson*, 17 Conn., 500.

3. In any event, judgment can be rendered upon the general count for goods sold and delivered, which were the consideration of the note, as this indebtedness is conclusively found against Osgood by the court in New York and against Hale by the court below.

4. If the court should be of opinion that the plaintiff is not entitled to judgment against Osgood, judgment can be rendered against Hale alone under the statute, which allows judgment to be rendered against one of several joint defendants where a case is not made out against all. Rev. Stat., tit. 1, sec. 150; *Dean* v. *Savage*, 28 Conn., 359.

*Hovey* and *Lucas*, for the defendants.

1. The judgment upon which the first count of the declaration is founded, though in form against both defendants, is evidence of debt only against the defendant Osgood, for he alone was served with process. As against Hale, the other defendant, who had no legal notice to appear and did not appear in the suit in which the judgment was rendered, it creates no obligation, furnishes no evidence of liability, and is of no validity or force whatever. *Wood* v. *Watkinson*, 17 Conn., 500, and the cases there cited; *D'Arcy* v. *Ketchum*, 11 Howard, 165; *Harris* v. *Hardeman*, 14 id., 339; *Oakley* v. *Aspinwall*, 4 Comst., 513; *Menlove* v. *Oakes*, 2 McMullan, 162; *Phelps* v. *Brewer*, 9 Cush., 390. Mere knowledge of the commencement or pendency of a suit in the courts of another state, acquired in any other way than by the service of process, is not of itself sufficient to affect the rights of a defendant in this state. *Ewer* v. *Coffin*, 1 Cush., 23; *Hall* v. *Williams*, 6 Pick., 232; *Woodward* v. *Tremere*, id., 354; *Noyes* v. *Butler*, 6 Barb., 613; *Peabody* v. *Phelps*, 9 Cal., 213; *Winston* v. *Taylor*, 28 Misso., 182.

2. The note produced by the plaintiff at the trial below and recited in the finding of the court, was admissible in evidence to establish the liability of Hale upon the second count, and for that purpose was sufficient. *Payson* v. *Whitcomb*, 15 Pick., 212; *Smith* v. *Smith*, 2 Johns., 235; *Crandall* v. *Bradley*; 7 Wend., 311; 2 Greenl. Ev., § 112. But it was not admissible against Osgood, because he was not a party to it, and if he had been, the judgment against him had, so far as he was concerned, merged and extinguished it. *Bank of North America* v. *Wheeler*, 28 Conn., 433; *Boston India Rubber Factory* v. *Hoit*, 14 Verm., 92; *Andrews* v. *Montgomery*, 19

Johns., 162 ; *Napier* v. *Gidiere*, 1 Speer's Eq. R., 214 ; *Colt's Estate*, 4 Watts & Serg., 514 ; 2 Am. Lead. Cases, 798, *et seq.*

3. The counts upon these two causes of action are improperly joined in the declaration of the plaintiff, and the misjoinder is fatal to his right of recovery. 1st. The first count is for a debt against Osgood and for which he only is liable ; the second count is for a debt against Hale, and for which he alone is responsible. 1 Chitty Pl., 202 ; Gould's Pl., ch. 4, § 77 ; 2 Saund. R., 117 *a;* Bac. Abr., *Pleas B* 2 ; *Russell* v. *Tomlinson*, 2 Conn., 206. 2d. The joinder of these counts and causes of action, if sanctioned, will require in this case two final judgments in favor of the plaintiff, one against Osgood for the amount of the judgment declared upon in the first count, and the other against Hale for the amount of the note sought to be recovered upon the second count ; whereas the law allows but one such judgment in any civil action. Gould Plead., chap. 4, § 97. 3d. The question as to whether the plaintiff may amend his declaration is not before this court for determination. The only question reserved is, what judgment shall be rendered by the superior court in the action as it now stands ; and this court can only advise that no judgment can be rendered against the defendants or either of them, and that judgment must therefore be rendered in their favor.

DUTTON, J. The plaintiff in this case brought an action of debt on judgment, to which were added money counts in debt. To prove the first count, he introduced the record of a judgment rendered in the state of New York, under a statute law of that state. The defendant Hale, a resident of this state, had no legal notice of the suit in which the judgment was rendered. The plaintiff introduced evidence of the indebtedness of Hale, but it showed an individual, and not a joint indebtedness. The case presents a question of much practical importance, as suitors in this state frequently have occasion to bring actions to recover a debt on which such a judgment, or quasi judgment, has been rendered in New York, and a mistake in the form of proceeding might be attended

with serious inconvenience, if not loss. The question is, can the plaintiff sustain debt on judgment against the joint debtors ; or assumpsit or debt against both on the original cause of action ; or must he sue one of the debtors separately on the judgment, and the other on the original cause of action ?

Looking only at the statute in question, we should find little difficulty in coming to the conclusion that the proceeding in New York constituted a judgment. The statute itself says: " The *judgment*, if rendered in favor of the plaintiff, shall be against all the defendants." How could language show more clearly that the legislature intended that it should be regarded as a judgment against all the joint debtors ? So the second section says : " Such *judgment* shall be conclusive evidence, &c." And the third section provides that execution may issue against the partnership property of all the defendants. *Mervin* v. *Kumbel*, 23 Wend., 297. An execution not founded on a judgment would be a novelty in legal proceedings. It is to have the effect also of a judgment, as to the extent of the plaintiff's claim against the party not served with process.

We are not aware that this precise question has been decided in the state of New York. We think however that the weight of judicial opinion in that state is in favor of this construction. In *Merwin* v. *Kumbel*, 23 Wend., 293, the supreme court of New York held that the plaintiff could not recover against both joint debtors in an action founded on such a judgment without some further proof than the record of the proceedings. Cowen, J., gave a strong opinion in favor of the construction which we have given, in which Nelson, Ch. J., concurred. Bronson, J., regarded the judgment as a nullity against the defendant who was not served with process. Judges Nelson and Cowen concur in the opinion that the proper course to be taken by a plaintiff is, to bring an action on the judgment, but they think he ought to prove, and perhaps allege, the liability of the debtor who was not served with process.

There are strong reasons why we should favor this mode of proceeding, even on a judgment rendered in another state. It has the merit of simplicity. The creditor has no questions

to solve as to joinder or merger. It does not change the liability of the defendants from a joint to a several liability. It does not require a creditor to bring two suits instead of one to recover his debt.

The principal objection to it is, that it binds a defendant as to the amount of his debt, in a proceeding of which he had no notice. It may be said with truth that the general doctrine is that a man is not bound by a judgment in another state where he had no notice. *Aldrich* v. *Kinney*, 4 Conn., 380 ; *Wood* v. *Watkinson*, 17 id., 500 ; Opinion of Bronson, J., in *Merwin* v. *Kumbel*, 23 Wend., 295. This rule is founded on the manifest injustice of a contrary doctrine. But the foundation of the rule fails here. The judgment, according to the view we take, only binds a joint debtor by the action of his co-debtor. The joint indebtedness must be first proved. Now it is well settled that the admission of one co-debtor will be evidence against the other, even to the extent of taking a case out of the statute of limitations. So one joint promisee can bind the other in discharging the obligation. There is no hardship, therefore, in making this an exception to the general rule. If the judgment has been obtained for too great an amount, by fraud, collusion, or even mistake, there will ordinarily be a remedy in the state where the judgment has been rendered, by an application for a new trial or for relief in chancery.

The New York statute does not go so far as one which has been for a long time among the statutes of this state. This is in the following words :—" In actions on joint contracts, if all the defendants are not inhabitants of this state, the service of the process upon such as are inhabitants of this state, shall be sufficient notice to maintain the suit against all the defendants." Rev. Stat., tit. 1, sec. 21. Courts in this state have not hesitated to render full judgments against inhabitants of other states who have had no notice except what may be implied from service on a joint contractor. *Bishop* v. *Bull*, 1 Day, 141 ; *Southmayd* v. *Backus*, 3 Conn., 474. We suppose there can be no doubt that such a judgment would support an action against all the defendants.

We are aware that some remarks were made by Storrs, J., in the case of *Wood* v. *Watkinson*, before referred to, which apparently conflict, to some extent, with the view which we have taken. But that case did not call for a decision of the precise point raised in this case. The only question presented by the record, and discussed by the judge who gave the opinion, was the same as that in *Merwin* v. *Kumbel*, to wit, whether the record was sufficient evidence for the plaintiff against both of the defendants. At all events, the point which we have been considering does not appear to have been brought to the attention of the court. We have therefore come to the conclusion, especially as it is important that this *vexata quæstio* should be ended, that this action was properly brought on the judgment against both defendants, and that it was competent for the plaintiff to have sustained it against both the defendants by proper evidence of the original cause of action as to Hale.

But the evidence offered by the plaintiff proved only a several liability on the part of Hale. We think this was not sufficient. The New York statute proceeds wholly on the ground of a joint liability. The defendant not served with process is not to be bound to any extent by the judgment unless a joint liability is proved against him. He ought not to be affected by any express or implied admission of his codefendant, till it is shown that some mutual relationship between them, like that of a partnership, gives one an authority to act for the other.

It has been ingeniously argued, that the judgment proves the indebtedness of one of the defendants, and the parol evidence that of the other, and that thus a joint indebtedness is established. A slight examination will show the fallacy of this reasoning. It does not follow at all that because two are bound to pay the same debt, they are joint debtors. Where *A* guarantees the debt of *B*, each may be sued for it, but they could not be sued together.

It has been suggested that several judgments may be rendered against the defendants. There is however no authority or precedent for such a course.

In the last place the counsel for the defendants insist that we are called upon to say what judgment shall be rendered on the facts found by the superior court, and that as a case is made out equally against each of the defendants separately, and there is no foundation laid for a distinction between them, and as judgment can not be rendered against both the defendants, either jointly or severally, we ought to advise judgment against the plaintiff. To this claim it is a sufficient answer to say, that if the facts present an imperfect case the proper course is to remand it to the superior court for correction.

The plaintiff in that court will be obliged, by withdrawing the case against one of the defendants, to entitle himself to a judgment against the other, according to the provisions of the statute, (Rev. Stat., tit. 1, sec. 150,) or abide the consequences.

In this opinion the other judges concurred.