CHRISTINE SAVVA *v.* ROYAL INDUSTRIAL UNION LOCAL 937, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL WORKERS OF AMERICA, U.A.W., A.F.L.—C.I.O.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 109189

Memorandum filed January 4, 1958.

*Marvin Sperling,* of Hartford, for the plaintiff.

*William S. Zeman,* of Hartford, specially for the defendants.

*Morgan M. Kline,* of Hartford, for the defendants.

MacDonald, J. The complaint attacked by this motion consists of two counts, both grounded in negligence based upon the alleged failure of the defendant labor union, of which plaintiff was a member, to represent plaintiff properly following her discharge by the Royal Typewriter Company. The negligence alleged included the defendant union's failure to submit plaintiff's grievance to arbitration, as required by its agreement with her, its failure to keep plaintiff fully advised as to its actions in her behalf, and other claimed violations of its duty as sole collective bargaining agent of plaintiff.

Defendant originally filed a plea in abatement on the ground that this court lacks jurisdiction to grant the relief sought because the complaint asks the court to adjudicate and determine rights and obligations governed and controlled by the Labor Management Relations Act, 1947, 61 Stat. 136, 29 U.S.C. §§ 141-168, as to which, under said act, the national labor relations board is granted exclusive jurisdiction. The plea in abatement was overruled solely on the technical ground that it was defective for want of a prayer for judgment. (*Murphy, J.,* May 24, 1957.)

Defendant now attacks the jurisdiction of this court on the same grounds by its motion to erase for want of jurisdiction. Such a motion is timely whenever made. *Coyne* v. *Plume,* 90 Conn. 293, 295; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 657; *State* v. *Serkaw,* 128 Conn. 153, 156; *McGee* v. *Dunnigan,* 138 Conn. 263, 268. Whenever a court finds that it has no jurisdiction it is bound to dismiss the case without regard to previous rulings. *Chzrislonk* v. *New York, N.H. & H.R. Co.,* 101 Conn. 356, 358.

The issues involved would seem to narrow themselves to the question whether the action of the defendant union in its alleged negligent representation of plaintiff constituted "unfair labor practice" as defined by the Labor Management Relations Act, 1947, 61 Stat. 140, 29 U.S.C. § 158.

The duty of a union to act as the sole collective bargaining agent in behalf of an employee arises under the act cited. *Dillon* v. *American Brass Co.,* 135 Conn. 10. The act clearly defines the duties of a union when thus acting as well as the rights of the employees thus represented. See especially the following sections of the act: Right of employees, 29 U.S.C. § 157; Unfair labor practices (union), id. § 158 (b). And the national labor relations board has authority to remedy a situation where an employee has been improperly represented by a union acting as sole collective bargaining agent. See the act above cited: Prevention of unfair labor practices 29 U.S.C. § 160, including (a) Powers of Board generally; (b) complaint and notice of hearing, etc.; and (c) findings of fact, etc. Under these sections of the act, the board even has the right to reimburse an employee with retroactive pay and to assess the same against a union found guilty by the board of acting unfairly in representing an employee as collective bargaining agent.

In the case of *McNish* v. *American Brass Co.,* 139 Conn. 44, plaintiff complained that his seniority rights had been violated and that the union had improperly represented plaintiff in protecting his seniority rights. The court held that the allegations of the complaint, which were similar to those in the instant case, amounted to claims of unfair labor practices under the National Labor Relations Act, and that plaintiff's remedy lay within the exclusive jurisdiction of the national labor relations board, stating as follows, with an impressive citation of author-

ities, at pages 49 and 50: "In enacting the National Labor Relations Act of 1935, known as the Wagner Act, 49 Stat. 449, 29 U.S.C. § 151 (1940), and the Labor Management Relations Act, 1947, known as the Taft-Hartley Act, 61 Stat. 136, 29 U.S.C. § 141 (Sup. 4, 1951), Congress sought to reach only some of the aspects of the employer-employee relationship. *Bethlehem Steel Co.* v. *New York Labor Relations Board,* 330 U.S. 767, 773, 67 S. Ct. 1026, 91 L. Ed. 1234. In those fields in which it was intended that the legislation should be operative, the regulations enacted into law by the Congress are exclusive. *Amalgamated Assn. of Employees* v. *Wisconsin Board,* 340 U.S. 383, 389, 71 S. Ct. 359, 95 L. Ed. 364; *International Union* v. *O'Brien,* 339 U.S. 454, 457, 70 S. Ct. 781, 94 L. Ed. 978; *LaCrosse Telephone Corporation* v. *Wisconsin Board,* 336 U.S. 18, 24, 69 S. Ct. 379, 93 L. Ed. 463; *Bethlehem Steel Co.* v. *New York Labor Relations Board,* supra; *Norris Grain Co.* v. *Seafarers' International Union,* 232 Minn. 91, 99, 46 N.W.2d 94; *Pittsburgh Rys. Co. Employees' Case,* 357 Pa. 379, 382, 54 A.2d 891. The confusion which would result from dual control is graphically described in the *Bethlehem Steel Co.* case, supra, 775.

"One of the phases of this relationship which the national labor relations acts do purport to cover is the matter of unfair labor practices. The Labor Management Relations Act, 1947, provides: 'The [national labor relations board] is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice . . . affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise.' 61 Stat. 146, § 10 (a), 29 U.S.C. § 160 (a) (Sup. 4, 1951). While the words '[t]his power shall be exclusive,' contained in § 10 (a) of the National Labor Relations Act, 49 Stat. 453, 29 U.S.C.

§ 160 (1940) were eliminated in the 1947 act, the amendment did not have the effect of giving the state courts jurisdiction to provide a remedy for unfair labor practices in direct proceedings. The board still retained exclusive jurisdiction. 'It is well settled that the exclusive remedy for the commission of an unfair labor practice was in proceedings before the National Labor Relations Board under the Wagner Act. 29 U.S.C. § 160 (a); Amalgamated Utility Workers v. Consolidated Edison Co. of New York, 1940, 309 U.S. 261, 60 S. Ct. 561, 84 L. Ed. 738. The same is true under the National Labor Relations Act as amended by the Taft-Hartley Act, except in so far as the district courts are given jurisdiction over certain suits for injunctions brought by the Government and over suits brought by private parties under §§ 301 and 303, discussed above. [Sections 301 and 303 refer to suits involving secondary boycotts. 61 Stat. 156, 158, 29 U.S.C. §§ 185, 187 (Sup. 4, 1951).] California Association of Employers v. Building and Construction Trades Council, 9 Cir., 1949, 178 F.2d 175; Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183. Cf. Slocum v. Delaware, L. & W. R.R. Co. [339 U.S. 239, 70 S. Ct. 577, 94 L. Ed. 795].' Schatte v. International Alliance, 182 F.2d 158, 166, cert. denied, 340 U.S. 827, 71 S. Ct. 64, 95 L. Ed. 608; 2 Teller, Labor Disputes & Collective Bargaining, § 271."

Plaintiff seeks to distinguish the *McNish* case, supra, on the ground that McNish was not a member of the union involved, whereas the plaintiff here was a member. The *McNish* case would seem to control this situation a fortiori. Likewise, despite plaintiff's attempts to distinguish the instant case from the decision of the United States Court of Appeals for the eighth circuit in *National Labor Relations Board* v. *International Brotherhood of Teamsters,* 36 L.R.R.M. 2632, on the ground that here we have

negligent acts of omission rather than negligent acts of commission on the part of the union in its capacity as bargaining agent, that decision seems squarely in point, holding, as it does, that a claim by an employee that his seniority rights have been violated because of improper representation by the union constitutes a claim of unfair labor practice. See also *New Orleans Laundries* (decision of N.L.R.B.), 37 L.R.R.M. 1093. In *Puckett Buick Co.* v. *International Brotherhood of Teamsters,* 39 L.R.R.M. 2753, the Illinois circuit judge stated flatly, after a review of the authorities, including those above cited: "It is my opinion from a reading of these cases that the entire field is pre-empted by Congress. The State Courts lack jurisdiction."

Where the court lacks jurisdiction of the parties or the subject matter, it is without power to render a judgment. *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39. And where lack of jurisdiction appears upon the face of the record, a motion to erase is the proper pleading and should be granted. *Coyne* v. *Plume,* 90 Conn. 293, 295; *Michelin* v. *MacDonald,* 114 Conn. 582, 583; *Berigow* v. *Davis,* 116 Conn. 553, 556; *Felletter* v. *Thompson,* 133 Conn. 277, 279.

The motion to erase for want of jurisdiction of the subject matter is granted.