IRVING O. FREEDMAN ET AL. *v.* THE CENTRE SHOPPING PLAZA, INC., ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE No. 7468

Memorandum filed October 24, 1958

*Jacob Schwolsky,* of Hartford, for the plaintiffs.

*Ribicoff & Kotkin,* of Hartford, for the defendants.

House, J. This is an action against several defendants in which it is alleged that they "jointly and/or [sic] severally" engaged the named plaintiff to obtain leases and a commitment on a mortgage for a proposed shopping center. It appears from the record and is conceded by the plaintiffs that the moving defendant, who has appeared specially, is a nonresident, that no personal service of process was made on him and that no property in which he has any interest has been attached. Under these circumstances a motion to erase from the docket is approved procedure, notwithstanding the provisions of § 80 (1) of the Practice Book. See *Felletter* v. *Thompson,* 133 Conn. 277, 279; *Savva* v. *Royal Industrial Union,* 20 Conn. Sup. 438, 443.

Despite the lack of personal service on the moving defendant and absence of attachment of any property in which he has an interest, the plaintiffs claim that this court nevertheless has jurisdiction over him by virtue of the provisions of § 7784 of the 1949 Revision. This section provides: "In actions on joint contracts, the service of any process upon such of the defendants as are inhabitants of this state shall be sufficient notice to maintain the suit against all the defendants." The plaintiffs also rely upon the early cases of *Bishop* v. *Bull,* 1 Day 141 (1803); *Southmayd* v. *Backus,* 3 Conn. 474 (1820); *Bishop* v. *Vose,* 27 Conn. 1 (1858); and *Duryee* v. *Hale,* 31 Conn. 217 (1862). It is of interest to note that it does not appear that this section of the statutes has been cited in any reported cases since the latter citation.

The statute on which the plaintiffs rely first appears in Statutes, 1796, page 25, where it was en-

acted: "Sec. 4. That in Actions on joint Securities, or contracts when all the Defendants are not Inhabitants of this State, the Service of the Process on such of the Defendants as are Inhabitants of this State (if any) shall be sufficient Notice to maintain the Suit against all the Defendants. And if any such Defendant on whom the Process was not served is aggrieved by the Judgment, he may be relieved by *Audita Querela.*" By Statutes, 1849, page 55, § 21, the last sentence was omitted, and the statute appeared substantially as it does today in § 7784.

Despite the language of the early cases relied on by the plaintiffs, it cannot be held that this court has any jurisdiction over a nonresident who has not been served with process within the jurisdiction or who has not voluntarily appeared or, to the extent of such interest, has an interest in property within this jurisdiction which has been attached. This principle cannot be doubted since the adoption of the fourteenth amendment to the United States constitution in 1868, which provides ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." The leading case is *Pennoyer* v. *Neff,* 95 U.S. 714, decided by the United States Supreme Court in 1877. This case has been cited with approval many times by the Supreme Court of Errors of Connecticut. See (among others) *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 510; *Samson* v. *Bergin,* 138 Conn. 306, 309; *Harris* v. *Weed,* 89 Conn. 214, 221; *Coyne* v. *Plume,* 90 Conn. 293, 301; *Porter* v. *Orient Ins. Co.,* 72 Conn. 519, 528; *Fisher, Brown & Co.* v. *Fielding,* 67 Conn. 91, 103; *O'Sullivan* v. *Overton,* 56 Conn. 102, 103. Since the decision in *Pennoyer* v. *Neff,* supra, it cannot be doubted that where the object of an action is to determine the personal rights and obligations of a defendant, that is, where the suit is in personam, constructive service upon a nonresident is ineffectual

for any purpose and the court has no jurisdiction over such a nonresident unless he is brought within the jurisdiction by service of process within the state or by his voluntary appearance. This accords with a fundamental doctrine of the law that a party to be affected by a judgment must have a day in court or an opportunity to be heard. 30A Am. Jur. 180, § 26.

The history of such statutes as § 7784 and similar joint debtors' acts is set forth in a comment to § 25 of the Restatement of Judgments. Section 25 restates the law: "Where an action is brought against several individuals to enforce a joint liability, a valid personal judgment cannot be rendered against such of them as are not subject to the jurisdiction of the court."

The authority provided in § 7784 to "maintain the suit against all the defendants" must be construed to mean all the defendants over whom the court has jurisdiction. Otherwise it would plainly be counter to the provisions of the fourteenth amendment to the United States constitution.

In the present proceedings it clearly appears that this court has no jurisdiction over the person of the moving defendant, and his motion to erase from the docket the case against him is granted.