[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S AMENDED MOTION TO DISMISS (#106)
The defendant,[1] Joseph Gross, filed an amended motion to dismiss a complaint initiated by the plaintiff, Fenwood Builders, Inc. (Fenwood). The defendant asserts that the court lacks jurisdiction over his person because of a defect in the plaintiff's service of process and requests that this court vacate the prejudgment remedy ordered by the court (Robaina, J.) on July 14, 1999. The defendant also seeks removal of the lien that the plaintiff subsequently placed on property owned by the defendants.
I. Factual and Procedural Background
In June of 1998, the defendants, Joseph Gross and Deborah Gross, jointly contracted with Charles E. Pytlik, President of Fenwood Builders, Inc., to construct a house on property located at 15 High Field Lane in Chester, Connecticut. Fenwood completed the house in January of 1999. Based on written and oral contracts with the defendants, the plaintiff claims a balance due of $77,634.97, which allegedly remains unpaid.
Sometime in the Fall of 1998, the Joseph and Deborah Gross separated. Mrs. Gross moved into the completed house; Mr. Gross removed to an apartment in Hartford, Connecticut.
Fenwood filed and served its original complaint and application for prejudgment remedy by leaving "a true and attested copy of the original notice of application for prejudgment remedy/claim for hearing to contest application or claim exemption, application for prejudgment remedy, order, summons., affidavit, proposed unsigned write, summons, complaint at the usual place of abode of the within named defendant Joseph Gross at said 15 High Field Lane, Chester, Connecticut." (Sheriff's Return, dated June 7, 1999.) The plaintiff similarly served Deborah Gross at 15 High Field Lane in Chester, Connecticut.
On July 19, 1999, Joseph Gross filed a special appearance to challenge the jurisdiction of the court and a motion to dismiss the plaintiff's complaint, which he subsequently amended on August 13, 1999. The defendant also filed a memorandum of law in support of his motion. On August 23, 1999, the plaintiff filed a memorandum in opposition to the defendant's Amended Motion to Dismiss. CT Page 16005
II. Standard of Review
A motion to dismiss properly challenges the jurisdiction of the court and tests, among other things, whether, on the face of the record, the court is without jurisdiction. Practice Book §10-30; Taft v. Wheelabrator Putnam, Inc., 55 Conn. App. 359, 362, ___ A.2d ___ (1999). There exist three separate elements of the jurisdiction of a court: "jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment[.]" (Internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179, 554 A.2d 728 (1989).
A plaintiff seeking to initiate an action "bears the burden of proof on the issue of whether Connecticut courts may properly exercise personal jurisdiction over the defendant." PackerPlastics, Inc. v. Laundon, 214 Conn. 52, 55, 570 A.2d 687 (1990). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) Olson v. Accessory Controls Equipment Corp. ,54 Conn. App. 506, 515, ___ A.2d ___ (1999).
III. Discussion
The defendant argues that the court lacks jurisdiction over his person because the plaintiff did not serve him at "his usual place of abode" and, therefore, did not comply with the requirements of General Statutes § 52-57. The plaintiff counters that it has satisfactorily complied with the relevant statutory mandates, specifically General Statutes § 52-67.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over theperson." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debeck, supra, 210 Conn. 175, 179-80.
General Statutes § 52-57 states, in pertinent part: "Manner of service upon individuals . . . Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." (Emphasis added.)
General Statutes § 52-67 states: "Service in actions on joint CT Page 16006 contracts. In actions on joint contracts, the service of any process upon such of the defendants as are inhabitants of this state shall be sufficient notice to maintain the suit against all the defendants."
The defendant does not dispute that he and his wife entered into a joint contract with the plaintiff. In fact, in an affidavit, submitted by the defendant, Deborah Gross states: "On or about June 11, 1998, my husband Joseph and I entered into an agreement with Mr. Pytlik, President of Fenwood Builders, to build a home for Joseph and I at 15 High Lane in Chester CT. Building began shortly thereafter." (Deborah Gross' Affidavit, dated July 19, 1999, ¶ 2.) In addition, the plaintiff submitted, as part of the original complaint, a copy of the written contract, signed by Mr. Pytlik, Joseph Gross and Deborah Gross. (Exhibit B.)
The record reflects, and it is undisputed, that Joseph and Deborah Gross jointly signed the contract with Fenwood. The record further reflects that the plaintiff properly served Deborah Gross. (Sheriff's Return, dated June 7, 1999.) The plaintiff has complied with the mandates of General Statutes §52-57 et. seq, specifically § 52-67. See also Elfenbein v.Lachenbach, 2 Conn. Sup. (1935); Bishop v. Vose, 27 Conn. 1
(1858); and Bishop v. Bull, 1 Day 141 (1803).
IV. Conclusion
The plaintiff has established that it has met the statutory requirements necessary for sufficient service of process against Mr. Gross and, therefore, the court may exercise its jurisdiction over the defendant. Accordingly, the defendant's motion to dismiss the plaintiff's complaint and his additional motions, that the order for prejudgment remedy be vacated and for removal of the attachment against the defendants' property, ought to be and are hereby denied.
By the Court
Arena, J.