THE EQUITABLE TRUST COMPANY, EXECUTOR, *vs.*
FRANK C. PLUME ET ALS.

Third Judicial District, New Haven, January Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

An appeal to this court from a judgment erasing the case from the
docket, should ordinarily be taken within ten days thereafter,
since no finding of facts or other action of the trial judge is required
to properly present the question of law for review; but if a motion
to reopen the judgment and restore the cause to the docket is
made and entertained, it operates to defer the time for filing an
appeal until that motion is finally decided.

No notice of appeal is required where the appeal itself is filed within
the time limited for filing the notice.

A motion to erase a cause from the docket should address itself solely
to the facts of record, and not contain affirmative allegations re-
quiring proof.

The' common law of this State does not preclude a corporation from
serving as an executor or administrator; but under the provisions
of Chapter 131, §§ 1 and 2, and Chapter 194, § 81, of the Public
Acts of 1903, no foreign trust company can act as administrator
in this State, though it may act as the executor of a Connecticut
resident if named by the latter in his will, after it has appointed
in writing the Secretary of State as its attorney to receive service
of process; and therefore a judgment or decree of a Court of Pro-
bate appointing a foreign trust company as an ancillary adminis-
trator or executor of a nonresident decedent is beyond its jurisdic-
tion and is a nullity.

A jurisdictional defect may be taken advantage of at any time, and
directly or collaterally.

The qualification of an administrator or executor in a foreign jurisdic-
tion does not give him the right to administer upon assets here,
or to sue for a debt due here: he must first take out ancillary ad-
ministration. He may, however, lawfully collect assets in this
State if they are voluntarily delivered to him.

An appointment of an administrator or executor by a Court of Probate
in this State is conclusive of the appointee's right to act as such,
provided the court had jurisdiction to render such judgment.

Argued January 17th—decided June 11th, 1918.

SUIT by an alleged creditor of the beneficiary of a
testamentary trust to secure the appropriation of the

income accruing upon the trust property to the payment of the creditor's claim, and for other relief, brought to the Superior Court in New Haven County where the cause, upon motion of one of the defendants, was erased from the docket by the court, *Case, J.,* for the lack of jurisdiction, from which judgment the plaintiff appealed. *No error.*

In this court the appellees filed a plea in abatement and also a motion to erase, to which the appellant demurred. *Plea and motion overruled.*

*Ulysses G. Church,* for the appellant (plaintiff).

*Charles S. Hamilton,* and *Frederick Seymour* of New York City, for the appellees (defendants).

WHEELER, J.   The plaintiff's claim is the same as that made in *Coyne* v. *Plume,* 90 Conn. 293, 97 Atl. 337. While that case was before this court Coyne, a nonresident, died, and the present plaintiff, having been appointed ancillary executor by the Court of Probate for the district of Waterbury, was allowed by this court to appear and prosecute the action.   The judgment for the plaintiff was on appeal reversed.   Thereafter the plaintiff trust company, as ancillary executor, was admitted as a party plaintiff in the Superior Court, where the judgment was reversed in accordance with the decree of this court.

The plaintiff, as ancillary executor, seeks to secure payment of the debt of Plume out of the income of a trust fund in which Plume had a life use.

The defendants Plume, Willard and Seymour are nonresidents.   Willard and Seymour claim an interest in this income through certain assignments from Plume to them.   Hamilton, a resident, claims an interest in the income as attaching creditor.

In this action a writ of foreign attachment was served on the Colonial Trust Company, and subsequently it was appointed temporary receiver, and as such is now holding the income from this fund.

Each of the defendants specially appeared and filed a plea in abatement and to the jurisdiction, to each of which the plaintiff demurred.

The defendant Seymour also filed a motion to erase the case from the docket for want of jurisdiction. The several demurrers and the motion to erase were heard together, but the trial court concluded that one of the questions raised by the motion to erase made it unnecessary to consider the pleas in abatement or the other questions raised by the motion. It accordingly granted the motion upon the ground that the plaintiff trust company had no right to sue as executor.

The motion to erase in this court is an incorrect method of meeting all of the issues raised upon this motion.

The pleas in abatement covered by paragraphs one and two raise the question of the validity of the appeal.

The judgment erasing the case from the docket was rendered on July 19th, 1917, a notice of appeal was duly filed, and the appeal filed on October 25th following. The necessity of filing the appeal in July and August was suspended. This is fairly within the intendment of Chapter 24 of the Public Acts of 1905, p. 264. But since no finding of facts or other action of the judge was necessary to properly present the questions in the cause upon the judgment erasing the case, the appeal must have been taken within ten days unless the judge had granted a further extension of time. General Statutes, § 791; *Hart* v. *Farchau*, 83 Conn. 316, 318, 76 Atl. 292; *Cramer* v. *Reeb*, 89 Conn. 667, 669, 96 Atl. 154. Under our application of the provision for granting an extension of time in which to file an

appeal, litigants in all classes of appeal may apply for such extension, and, as we have before pointed out, "the practice of our trial judges in granting such extensions is neither narrow nor illiberal" When, however, a motion is made to restore a case to the docket which has been stricken from it, and this motion is entertained, it operates to defer the time for filing an appeal until the motion is finally decided. *Sanford* v. *Bacon,* 75 Conn. 541, 544, 54 Atl. 204; *Beard's Appeal,* 64 Conn. 526, 535, 30 Atl. 775. The motion to reopen the judgment erasing this case from the docket, is similar to the motion to restore a case to the docket, and is within the principle of these decisions, since it was entertained by the court, an answer to it filed, and a reply to this answer filed, and the court, upon the issues thus joined, heard the motion and rendered its decision. If this were not the ruling, it would be necessary to file the appeal within ten days after the motion to erase was granted, and then to file an additional appeal within ten days from the denial of the motion to reopen the judgment. This would unnecessarily cumber the record to no good purpose.

No notice of appeal was filed after the motion to open the judgment had been denied, but within six days thereafter the appeal was filed. An appeal filed within the time the notice of appeal is required to be filed serves a double purpose, as a notice of appeal and as an appeal itself. There was no occasion for filing an additional notice of appeal. The demurrer to the pleas in abatement and to the jurisdiction in this court is sustained.

Both the plea in abatement and the motion to erase, filed in the trial court, contain affirmative allegations requiring proof. These are out of place in a motion to erase. Such a motion is to be determined as a demurrer or a motion to quash is determined, by the facts of

record. The trial court decided the motion to erase and not the pleas in abatement, and it decided merely the question of law arising upon the facts of record and ignored consideration of questions dependent upon facts extraneous to the record.

The ground upon which the trial court granted the motion to erase, was that upon the facts of record the plaintiff trust company did not have the right as executor to maintain this action in Connecticut. That question was fairly raised from the motion to erase. After the judgment was entered erasing the case, the trust company moved to reopen this judgment and to add as plaintiff a resident ancillary administrator on the estate of Coyne, whose appointment it alleged it was ready and willing to apply for and had already applied for. These two questions constitute the sole ground of the appeal: the first is the only one of real importance.

We held in *Farmers Loan & Trust Co. v. Smith,* 74 Conn. 625, 627, 51 Atl. 609, that every testator could select his executor from any class of persons, unless such class was by the common law or statute excluded from such appointment. The claim was there made that under our common law a corporation could not be made an executor. We did not find it necessary to decide this, but we expressed the view that in the light of the legislation of recent years it could not be said to be the settled policy of the State that corporations as such were necessarily excluded from being executors. Public policy must rule the decision, and there is no declared public policy against their so acting. On the contrary, in the sixteen years which have passed since this decision many trust companies have been organized under legislative sanction, and invariably these have been given power to act as executor and administrator, a power all trust companies organized theretofore possessed. As a consequence, it must be held to be the

established policy of the State to grant to corporations organized to do a trust company business the privilege of acting as executors and administrators; and, therefore, we now hold that the common law of this State does not deny to a corporation the right or privilege to serve as an executor or administrator.

The qualification of an administrator or executor in a foreign jurisdiction does not, as such, give him the right to administer upon assets here, or to sue to recover a debt due here. He must first take out ancillary administration. *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn. 145, 147; *Riley* v. *Riley*, 3 Day, 74, 88. But such executor or administrator may lawfully collect assets in this State which are voluntarily delivered to him. *Selleck* v. *Rusco*, 46 Conn. 370, 372. Under our practice, which is the general American practice, an exemplified copy of the foreign will, duly proved and authenticated, will, after citation and hearing, be ordered filed and recorded, and letters testamentary issued to the executor named in the will. While the ancillary appointment is founded on comity, it is a recognized right which our courts will concede to the foreign executor, and upon provision being made for our own creditors, the balance will either be remitted to the principal executor, or distributed here in conformity with the title and rights conferred by the will. *Marcy* v. *Marcy*, 32 Conn. 308.

The appointment of the plaintiff trust company as executor by the judgment of the Court of Probate for the district of Waterbury, unappealed from, was conclusive of the right of the trust company to act as executor in Connecticut in accordance with the authority of this judgment, provided the court had jurisdiction to render such judgment. If it had no such jurisdiction its judgment is a nullity and open to attack in this action. In *Farmers Loan & Trust Co.* v. *Smith*, 74 Conn. 625, 629, 51 Atl. 609, we decided that

our Corporation Act denied to foreign corporations the privilege of acting as executor in Connecticut. While the case called for a decision as to the right of a foreign corporation engaged in the business of a trust company to act as executor of a testator resident in Connecticut, it necessarily involved a consideration of whether our Corporation Act accorded to a foreign trust corporation the privilege of acting as executor or administrator in Connecticut of a resident, or of acting as ancillary executor or administrator of a nonresident. "It is clear," we held, "that § 51 permits corporations established under the laws of other States to exercise in this State their appropriate corporate powers in the transaction of any kind of business permitted to a domestic corporation formed under the Corporation Act of 1901; and forbids corporations of other States to engage in any kind of business in this State which is not permitted to domestic corporations formed under said Act. . . . We are satisfied that the laws of our State do not permit the formation of a company under our Corporation Act for the purpose of transacting the business of executor or administrator, whether that business is associated with other business appropriate to a trust company, or is associated with manufacturing, trading, or other lawful business, or is the sole purpose of the corporation. It follows that § 51 denies to foreign corporations the privilege of transacting such business within this State." The court especially relied for its construction of this section upon the latter part: "but no foreign corporation shall engage or continue in any kind of business in this State, the transaction of which is not permitted to domestic corporations by the laws of this State." Section 81 of Chapter 194 of the Public Acts of 1903 repealed § 51, and substituted in its stead: "but no foreign corporation belonging to any of the

classes excepted in Section 62 of this act shall engage in or continue, in this State, the business authorized by its charter or the laws of the State under which it was organized, unless empowered to do so by some general or special law of this State, except for the purpose of carrying out and renewing existing contracts heretofore made." In the classes named in § 62 are trust companies; so that this amendment to the Corporation Act forbids any foreign trust company to act as executor or administrator in Connecticut unless empowered so to do by some general or special law of this State.

The only "special law " of this State conferring upon a foreign corporation the privilege of acting as executor in Connecticut, is Chapter 131 of the Public Acts of 1903. By §§ 1 and 2 of that Act the foreign corporation, authorized by its charter to act as executor, and named as executor in the will of a resident of this State, may qualify as such, but shall not act until it shall appoint in writing the Secretary of State to be its attorney upon whom process may be served. The plaintiff trust company, authorized to act as executor or administrator by its charter, is, under our Corporation Act as amended, permitted to act as executor where so named in the will of a resident of this State. In all cases it is debarred from acting as administrator within this State.

It may be that there is greater reason in permitting a foreign trust company to act as ancillary executor in this State, than to act as executor of the will of a resident. That is a legislative consideration with which we have no concern. Before the foreign trust company can act as executor of a resident of Connecticut, the legislature deemed it important that it be required to appoint the Secretary of State as its attorney. If this plaintiff were permitted to act, there would be no similar safeguard.

We do not think there is any merit in the claim that the subject-matter of this action is not within the jurisdiction of the court. The Court of Probate was without power to appoint the plaintiff trust company executor, and therefore its judgment was a nullity. Nor do we think that the court's action in *Coyne* v. *Plume*, 90 Conn. 293, 97 Atl. 337, in admitting the plaintiff trust company to appear and prosecute, determined its right to act as executor. That court was without power to confer upon the plaintiff this power. A jurisdictional defect may be taken advantage of at any time, and directly or collaterally. The remaining ground of appeal is not well taken.

The motion to open the judgment was predicated, not upon present facts, but upon what it was hoped might be made facts in the future. No facts are alleged in the motion which furnish the slightest basis for opening the judgment.

There is no error.

In this opinion the other judges concurred.