## BERTRAM H. CRAMER, ET AL.
(Extrs. Estate of Sallie Blauvelt)
vs.
IDA TEPP

Superior Court        Fairfield County        File #55597

## MEMORANDUM FILED JULY 19, 1938.

E. Gaynor Brennan, of Stamford; Melvin Dichter, of Stamford, for the Plaintiffs.

Norris Rossinoff, of Bridgeport, for the Defendant.

BALDWIN, J.   This action was brought claiming a foreclosure of a mortgage upon and possession of the mortgaged real estate which is located in the Town of Fairfield.   The plaintiff, Bertram H. Cramer and Mary F. Doran, are the executor and executrix of the last will and testament of Sallie Blauvelt, late of White Plains, in the State of New York, deceased, appointed by the Surrogate's Court of New York County, and there duly qualified.

No ancillary probate appears to have been had upon this estate in this State.   The defendant has demurred, "because the plaintiffs have not been appointed ancillary executors by any Court of Probate within the State of Connecticut, said plaintiffs therefore having no authority in any official capacity before this Court."

From the facts which appear upon the face of the record the parties to the action are all residents of White Plains in the State of New York, the plaintiffs having been appointed executor and executrix by a Surrogate's Court in that State and having there qualified as such executor and executrix, but having failed to acquire ancillary probate in this state. A cause of action is, however, set forth in the complaint.

The defect which the defendant would take advantage of does not lie in the failure to set forth a cause of action; it lies in the fact that the plaintiffs have no right now to invoke the aid of our Courts.

"Executors and administrators are officials only of the court in the State where they were appointed, and consequently neither executors nor administrators appointed and qualified in a foreign jurisdiction can sue here until qualified here." Cleaveland, Hewitt & Clark, Probate Law and Practice of Conn., §189, p. 224.

"The qualification of an administrator or executor in a foreign jurisdiction does not, as such, give him the right to administer upon assets here, or to sue to recover a debt due here. He must first take out ancillary administration." *Equitable Trust Co. vs. Plume*, 92 Conn. 649, 654, citing *Hobart vs. Conn. Turnpike Co.*, 15 Conn. 145, 147, and *Riley vs. Riley*, 3 Day 74, 88.

Since the complaint sets forth a cause of action the method of attack should not have been by demurrer. The defect lying in the fact that the plaintiffs have now no right to sue in our Courts, the defendant should have moved to erase the cause from the docket.

In *Equitable Trust Co. vs. Plume, supra,* the defendants pleaded in abatement and also filed a motion to erase in the trial court. At page 653 of the opinion, the Court says: "The trial court decided the motion to erase and not the pleas in abatement, and it decided merely the question of law arising upon the facts of record and ignored consideration of questions dependent upon facts extraneous to the record. . . . The ground upon which the trial court granted the motion to erase, was that upon the facts of record the plaintiff trust company did not have the right as executor to maintain this action in Connecticut."

Since a defect apparent upon the face of the record exists and which goes to the jurisdiction of the Court and is fatal, the Court, of its own motion should direct that the case be erased from the docket.

The case may therefore be erased from the docket.