Maurice L. NOEL, Administrator of the Estate of Maurice A. Noel, Plaintiff,

v.

ST. JOHNSBURY TRUCKING COMPANY and Paul H. Chabot, Defendants.

Civ. A. No. 6270.

United States District Court D. Connecticut.

Oct. 3, 1956.

William R. Moller and J. Ronald Regnier, Hartford, Conn., for plaintiff.

Joseph V. Fay, Jr., Schofield, Fay & Courtney, Hartford, Conn., for defendants.

J. JOSEPH SMITH, Chief Judge.

This is an action commenced in the Hartford Superior Court by Maurice L. Noel, Administrator for the estate of Maurice A. Noel, appointed by the Probate Court of the District of Hillsborough County, New Hampshire, against the St. Johnsbury Trucking Company for the wrongful death of Maurice A. Noel. The case was removed to this court on the petition of the defendant.

The defendant now brings a motion to dismiss the case for failure to state a claim upon which relief can be granted, under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., in that the plaintiff has failed to take out letters of administration in Connecticut. Whether this motion is more appropriately brought under Rule 17(b), capacity of party to sue or be sued, as plaintiff claims, does not appear to be material.

Plaintiff's first objection to the motion to dismiss is the claim that defendant by removing the cause of action from the state courts to this court has waived any defects in the pleadings. There is no basis in law for such a contention. Removal from a state court does not waive objections to the jurisdiction or the sufficiency of the cause of action. De Lima v. Bidwell, 1900, 182 U.S. 1,174, 21 S.Ct. 743, 45 L.Ed. 1041. The case has the same posture as if it originated in the federal court. Freeman v. Bee Machine Co., 1943, 319 U.S. 448, 452, 63 S.Ct. 1146, 87 L.Ed. 1509. While it is true that a party may waive a defect in service, neither party can invest himself or the other with the capacity to sue.

Plaintiff's next contention is that so long as there are no local creditors to be protected, ancillary administration letters are unnecessary to proceed in the local courts. The Connecticut courts have held that a foreign administrator by virtue of his domiciliary appointment has the right to an ancillary appointment in the local court, Hartford & New Haven Railroad Co. v. Andrews, 1869, 36 Conn. 213. But the Connecticut courts have also consistently held that the "power of an administrator is co-extensive only with the jurisdiction of the courts that appointed him." Hobart v. Connecticut Turnpike Company, 1842, 15 Conn. 145. The foreign administrator's "right to appear in any court, and the validity of his acts in that capacity, depend wholly on the probation of the will in the prerogative court within the limits of the local jurisdiction in which he claims the power to act." Hobart v. Connecticut Turnpike Co., supra; Holcomb v. Phelps, 1844, 16 Conn. 127; Cramer v. Tepp, 1938, 6 Conn.Sup. 320. Only when the assets are voluntarily relinquished, may the foreign administrator collect them without ancillary appointment. Equitable Trust Co. v. Plume, 1918, 92 Conn. 649, 103 A. 940 and cf. Locke and Kohn, Connecticut Probate Practice, Sections 59 and 298 to the same effect.

The motion to dismiss is granted.