[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Theodora Perrine died testate leaving two children, Mary Perrine and Theodore Perrine. Mary Perrine was appointed executor of her estate in 1968. Theodora Perrine's will bequeathed her interest in all of the paintings of Van Deering Perrine in equal shares to Theodore Perrine and Mary Perrine. Theodore Perrine transferred all his rights and interest in the paintings to his daughter, Susan King, by written agreement dated May 10, 1982. Mary Perrine died on October 14, 1982 and defendant Dana Ackerly was appointed executor on November 5, 1982.
Theodore Perrine and Susan King filed this action on October 7, 1985, alleging in Counts One through Four that Dana Ackerly and Mary Perrine breached fiduciary duties and agreements CT Page 4413 concerning the paintings of Van Deering Perrine. Count Five alleges that Mary Perrine transferred a number of paintings to defendant Kristina Leeb-Lundberg in violation of the terms of the will of Theodora Perrine, and that Leeb-Lundberg "knowingly aided, abetted and conspired with Mary Perrine to deprive plaintiffs of their rightful shares" in the property. The defendant Leeb-Lundberg has moved for summary judgment as to this Count Five.
The plaintiff Theodore Perrine, a resident of Montana, died on May 21, 1986. A motion to substitute Randolph King as party plaintiff was granted September 19, 1988. A search of the files reveals a copy of the letter of appointment of Randolph King as personal representative of the estate of Theodore Perrine by a Montana court. There is no indication of ancillary appointment by a Connecticut probate court and evidently no claim that such ancillary administration was ever granted.
Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book 384; Wilson v. New Haven,213 Conn. 277, 279 (1989). Under summary judgment, the court is not to decide issues of fact, but to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 718
(1982). The movant has the burden of proof in showing the absence of any disputed material facts and any ambiguity will be read in favor of the adverse party. Evans Products Co. v. Clinton Building Supply, Inc., 197 Conn. 512, 516 (1978). Summary judgment is inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings. Batick v. Seymour, 186 Conn. 632,646 (1982).
The defendant asserts that summary judgment as to Count Five is proper because the plaintiff Susan King has received all property that she is entitled to and therefore she has no cause of action against the defendant Leeb-Lundberg. The documentation submitted in support of the motion for summary judgment indicates that Mary Perrine possessed 250-300 paintings in 1979, and that Susan King has received at least 180 paintings.
The issues raised in Count Five, however are: (1) how many paintings by Van Deering Perrine did Theodora Perrine own at her death in 1968; (2) whether any paintings were improperly transferred to Kristina Leeb-Lundberg; and (3) if transfers were made, what Leeb-Lundberg knew or should have known CT Page 4414 concerning the transfers. The evidence submitted does not address these issues. There are material issues of fact as to Count Five that have not been resolved. The motion for summary judgment is denied insofar as its premised on those grounds.
The plaintiff Randolph King was substituted as a party plaintiff in this action pursuant Connecticut General Statutes52-599. Section 52-599 provides:
 If a party plaintiff dies, his executor or administrator may enter within six months of the plaintiff's death or at any time prior to the action commencing trial and prosecute the action in the same manner as his testator or intestate might have done if he had lived.
The defendant argues that Randolph King has no standing to bring this action because a foreign executor has no authority to sue without first obtaining ancillary appointment in a Connecticut Probate Court. The qualification of an executor in a foreign jurisdiction does not give him the right to administer assets or sue to recover a debt due in Connecticut. Equitable Trust Co. v. Plume, 92 Conn. 649, 654 (1918). The foreign executor must first take out ancillary administration. Id. The wrongful death statute like the provisions of 52-599
grants rights to executors without expressly according them to foreign executors.
Ancillary appointment of a foreign executor is necessary before bringing a Connecticut wrongful death action under Section 52-555. The Equitable Trust Company, Executor v. Plume, 92 Conn. 649. Hoffman v. Scoville, 9 Connecticut Law Trib. No. 49, p. 14 (U.S. Dist. Ct., December 5, 1983, Clairie, J.); Noel v. St. Johnsbury Trucking Co., 147 F. Sup. 432 (D.Conn. 1956); see 2 Conn. Probate L.J. 174 (1987). The power of an administrator is limited to the jurisdiction of the courts that appointed him. Noel, 147 F. Supp. at 433; Hobart v. Connecticut Turnpike Co. 14 Conn. 134 (1842). The absence of ancillary appointment is a jurisdictional defect which requires dismissal of the action. Cramer v. Tepp,6 Conn. Sup. 320 (1938); Hoffman, 9 Conn. Law Trib. at 15.
Section 52-599 and 52-555 are similar in that both statutes establish rights of executors without specifically providing for foreign executors. There is no evidence that the plaintiff Randolph King has received ancillary appointment in Connecticut nor has that been pled.
The difficulty presented by the defendant Leeb-Lundberg's motion is that as movant she has attached no affidavit or CT Page 4415 exhibit concerning the factual claim that Randolph King has not received ancillary letters of administration in Connecticut. That must be done for a court to determine that jurisdictional fact. She has ample procedural means open to her to determine whether letters of ancillary administration have issued. The brief asking this court to dismiss the case is a part of the summary judgment relief requested, asks the court to infer there are no such letters, by virtue of the lack of pleading of that jurisdictional fact. This the court will not do, Evans id. Summary Judgment is therefore DENIED.
FLYNN, JUDGE