[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I FACTS
Defendant Kristina Leeb-Lundberg moves to dismiss the fifth count of the amended complaint on the ground that the court lacks subject matter jurisdiction.
Plaintiffs Theodore Perrine and Susan King filed this action on October 7, 1985 against defendants Dana Ackerly, Executor of the Estate of Mary Perrine, Dana Ackerly individually and Kristina Leeb-Lundberg. Plaintiffs allege that on January 4, 1968 Theodora Perine, residing and domiciled in Connecticut, died testate leaving two children, Mary Perrine and Theodore Perrine. Mary Perrine was appointed the executor of the estate of Theodora Perrine on March 1, 1968. Theodora Perrine's will bequested her interest in all of the paintings of her husband Van Deering Perrine in equal shares to Theodore Perrine and Mary Perrine. By a written agreement dated May 10, 1982, Theodore Perrine transferred all his rights and interest in the Van Deering paintings to his daughter, Susan King. On October 14, 1982, Mary Perrine died and Dana Ackerly was appointed executor.
In counts one through four of the five count amended complaint, plaintiffs allege that Mary Perrine and Dana Ackerly breached various fiduciary duties and agreements concerning the paintings of Van Deering Perrine. In count five, plaintiffs allege that Mary Perrine transferred to Kristina Leeb-Lundberg a number of Van Deering Perrine paintings in violation of the terms of Theodora Perrine's will and that Kristina Leeb-Lundberg "knowingly aided, abetted, and conspired with Mary Perrine to deprive plaintiffs of their rightful shares" to the property. CT Page 6589
The file reveals that plaintiff Theodore Perrine, a resident of Montana, died in May 1986 and that Randolph King was substituted as a party plaintiff in place of Theodore Perrine, pursuant to Conn. Gen. Stat. 52-599. The file also reveals that Randolph King has applied for ancillary administration by a document entitled Application/Ancillary Probate of Will, but has not yet received such.
II ARGUMENT
Defendant Kristina Leeb-Lundberg moves to dismiss the fifth count of the amended complaint for lack of subject matter jurisdiction. Citing Equitable Trust Co. v. Plume, 92 Conn. 649
(1918), Kristina Leeb-Lundberg argues that a foreign executor has no authority to sue as a plaintiff in a Connecticut court. Kristina Leeb-Lundberg asserts that the foreign executor must first obtain ancillary letters from a Connecticut Probate Court, file them with the court where the suit is pending, and then be substituted as plaintiff in the deceased's civil action. Kristina Leeb-Lundberg has submitted with her motion an affidavit of her attorney William S. Herrman in which William S. Herrman testifies that "no ancillary letters have been issued to Mr. King as of May 3, 1991." Kristina Leeb-Lundberg concludes that the lack of ancillary letters goes to the jurisdiction of the court and requires dismissal of the action.
In response to defendant's motion to dismiss, plaintiffs rely upon their Memorandum of Law in opposition to Motion for Summary Judgment dated March 7, 1990 and the court's previous Memoranda of Decision.
 The qualification of an administrator or executor in a foreign jurisdiction does not, as such, give him the right to administer upon assets here, or to sue to recover a debt due here. He must first take out ancillary administration. Hobart v. Connecticut Turnpike Co., 15 Conn. 145, 147; Riley v. Riley, 3 Day, 74, 88. But such executor or administrator may lawfully collect assets in this State which are voluntarily delivered to him.
Equitable Trust Co. v. Plume, 92 Conn. 649, 654 (1918); see also, Cramer v. Tepp, 6 Conn. Sup. 320, 322 (1938) and Noel v. St. Johnsbury Trucking Company, 147 F. Supp. D.Conn. 432, 433 (1956). The evidence reveals that Randolph King is Theodore Perrine's Montana executor and has applied for ancillary administration in Connecticut. The evidence further reveals that Randolph King has presently not received ancillary CT Page 6590 administration in Connecticut. Without this ancillary administration, Randolph King has no standing to maintain this action in Connecticut. "When a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." Conn. Allied Business Legal Rights Assoc. v. Gaitor, 10 Conn. Law Trib. No. 30, p. 12 (Super.Ct., March 13, 1984, Aspell, J.) See also Poly-Pak Corp. of America v. Barrett, 1 Conn. App. 99, 103
(1983). Therefore, due to this lack of standing, the court lacks subject matter jurisdiction and pursuant to Conn. Practice Bk. 145 dismisses Randolph King's action.
Coplaintiff Susan King's action however survives the dismissal of Randolph King's action under Conn. Gen. Stat.52-600 which provides that:
 If there are two or more plaintiffs or defendants in any action, one or more of whom dies before final judgment, and the cause of action survives to or against the others, the action shall not abate by reason of the death. After the death is noted on the record, the action shall proceed.
Although Theodore Perrine passed away and Randolph King fails to have standing, coplaintiff Susan King's action survives against all parties under Conn. Gen. Stat. 52-600.
KARAZIN, J.