[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS AND TO DISSOLVE GARNISHMENT #103
The plaintiff, Office Relocation Management, Inc. (hereinafter ORM), has filed a one count complaint against the defendant, Grace Lee, d/b/a Hunan Nine Restaurant (hereinafter Lee), seeking damages for the alleged breach by the defendant of an oral agreement for interior design work to be performed by the plaintiff in conjunction with the relocation of the Hunan Nine Restaurant from one space to another within a commercial plaza in Wappinger Falls, New York. Prior to filing its complaint, the plaintiff applied for a prejudgment remedy in the form of a garnishment of funds held by Bronson 
Hutensky of Hartford in the amount of $8,000, which constitutes part of a "lease termination premium" owed to the defendant by Bronson Hutensky, owners of the commercial plaza in New York, in consideration of the restaurant's move to a smaller space within the plaza. The plaintiff's application for Prejudgment Remedy was granted by the court, Aronson, J., on September 16, 1991.
On October 9, 1991, the defendant Lee filed an appearance. On October 31, 1991, the defendant Lee filed a timely "Motion to Dismiss and to Dissolve Garnishment" on the grounds that the Connecticut courts lack in personal jurisdiction over her and the termination premium is an asset of a third party, not of the defendant Lee. In support of the defendant's motion, the defendant filed a memorandum of law, an affidavit, and copies of incorporation papers, an assignment of lease agreement and a lease termination agreement which purport to show that the restaurant is owned by Great Hunan Restaurant, Inc., whose sole stockholders, officers and directors were defendant Lee's parents, and that Lee is not nor ever was a principal of the corporation.
In response, the plaintiff did not file a memorandum in opposition to the motion to dismiss, but rather on November 12, 1991, filed, a "Motion to Substitute Defendant [and] Objection CT Page 1380 to Motion to Dissolve Garnishment," accompanied by a memorandum in support thereof. In its motion, the plaintiff states that "[t]he Plaintiff will not object to the Defendant's Motion to Dismiss the Defendant Grace Lee as long as the true Defendant, Great Hunan Restaurant, Inc. is permitted to be served as the true Defendant party." On November 19, 1991, the defendant filed an objection to the plaintiff's "Motion to Substitute Defendant."
I. Motion to Dismiss
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142; see Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). The motion to dismiss shall be used to assert a lack of jurisdiction over the person. Practice Book 143(2). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it `can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.'" Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982) (citations omitted).
If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well-pleaded. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983). However, where, as here, a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988); see Garden Mutual Benefit Association v. Levy, 37 Conn. Sup. 790, 791, 437 A.2d 141 (App. Sess. 1981).
Analysis of a due process challenge to personal jurisdiction is a two-step process. United States Trust Co. v. Bohart, 197 Conn. 34, 38, 495 A.2d 1034 (1985). First, the court must decide whether the applicable state long arm statute authorizes the assertion of jurisdiction over the defendant. Frazer v. McGowan, 198 Conn. 243, 246,502 A.2d 905 (1986); see United States Trust Co., supra. Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby. United States Trust Co., supra. The plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a CT Page 1381 defendant. Id.; see Standard Tallow Corp. v. Towdy, 190 Conn. 48,53-54, 459 A.2d 503 (1983).
General Statutes 552-59b(a) provides as follows:
 As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce, or (4) owns, uses or possesses any real property situated within the state.
The defendant Lee has submitted an affidavit and documents, uncontested by the plaintiff, which reveal that Lee is a resident of New York and that she is not nor ever was doing business as Hunan Nine Restaurant, nor is she a stockholder, officer or director of the Great Hunan Restaurant, Inc., a New York Corporation which was doing business under the name of Hunan Nine Restaurant. (Lee affidavit, paras. 2, 3, 6, 7, 9). The sole stockholders, officers and directors of Great Hunan Restaurant, Inc. were Lee's parents, Wei Yu Lee and Chao Hsiang Lee. (Lee affidavit, paras. 6, 9). Based upon the foregoing undisputed facts, the defendant Lee does not fall within any of the statutory prerequisites to the assertion of long arm jurisdiction over a non-resident individual or foreign partnership enumerated in General Statutes 52-59b(a). Accordingly, the defendant Lee's motion to dismiss based upon lack of personal jurisdiction is granted.
II. Motion to Dissolve Garnishment
Defendant Lee has also moved to dissolve the garnishment of Bronson Hutensky ordered by the court on September 16, CT Page 1382 1991. The defendant asserts that the garnishment against the termination premium is invalid because "the termination premium is the asset of a third party, [Great Hunan Restaurant, Inc.] not of the defendant in this instant action." The plaintiff argues that the motion to dissolve the garnishment should be denied "because the asset which has been attached is the property of the true Defendant, Great Hunan Restaurant, Inc. [which the plaintiff has moved to substitute as defendant]. Grace Lee has absolutely no interest in this asset, therefore she has no standing to move to dissolve said garnishment."
Pursuant to General Statutes 52-278d(a), "[t]he defendant shall have the right to appear and be heard at the hearing [on the prejudgment remedy application]." (Emphasis added). General Statutes 52-278k provides that the court may, upon motion or after hearing, at any time modify or vacate any prejudgment remedy granted or issued upon the presentation of evidence which would have justified the court in modifying or denying the prejudgment remedy under the standards applicable at an initial hearing.
The plaintiff has cited no authority in support of its contention that defendant Lee has no standing to move to dissolve the garnishment because she has no interest in the asset which has been garnished. Since, pursuant to General Statutes 52-278d(a), the "defendant" has the right to appear and be heard at the initial hearing, the defendant should also have standing to move to dissolve the attachment "upon the presentation of evidence which would have justified such court in . . . denying such prejudgment remedy under the standards applicable at an initial hearing." General Statutes52-278k. The defendant Lee has standing to move to dissolve the garnishment.
In support of its application for a prejudgment remedy, the plaintiff was required to submit "[a]n affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(2). The court, upon the original hearing, found probable cause to order the garnishment of Bronson Hutensky in the amount of $8,000.00 based upon an affidavit and papers submitted by the plaintiff which erroneously named Lee as the defendant to whom the termination premium was owed. The plaintiff, in its objection to the defendant's motion to dissolve garnishment, admits that the asset which has been attached, the termination premium, is the property of Great Hunan Restaurant, Inc., not the defendant, Grace Lee. If the evidence which the defendant Lee has submitted in support of this motion to dissolve had been CT Page 1383 before the court at the initial hearing, such evidence "would have justified such court in denying" the prejudgment remedy.
The defendant Lee was afforded notice of the hearing on the plaintiff's prejudgment remedy application, however, neither Lee's parents nor Great Hunan Restaurant, Inc. received notice or a hearing pursuant to General Statutes 52-278c
and 52-278d(a). The plaintiff's original prejudgment remedy application also would not comply with the requirements of General Statutes 52-278e(a)(2), which provides for the issuance of a prejudgment remedy without hearing against a non-resident defendant, because the affidavit filed in support of the application would not support a finding or probably cause against Lee's parents or the corporation since the affidavit names Lee as the defendant. Further, the application also does not contain the notice required by General Statutes 52-278e(b).
Accordingly, since the underlying case upon which the prejudgment remedy has been granted should be dismissed for lack of personal jurisdiction, as the named defendant has presented uncontested evidence that she is not the owner of the asset which has been garnished, and since the plaintiff's original prejudgment remedy application does not meet the requirements of General Statutes 52-278c and 52-278d(a) or 52-278e(a)(2) and 52-278e(b) regarding notice and hearing to the "true Defendant" and owner of the asset, the defendant Lee's motion to dissolve the garnishment should be granted.
III. Motion to Substitute Defendant
The plaintiff moves to "substitute Great Hunan Restaurant, Inc., a New York domiciled corporation, as the Defendant in this action in place of Grace Lee as an individual in accordance with P.B. 103."
Practice Book 103 provides that "[a]ny motion to cite in or admit new parties must comply with 196 and state briefly the grounds upon which it is made." The plaintiff cites no authority regarding the propriety of substituting a non-resident corporate defendant in a case in which the court lacks personal jurisdiction over the originally named individual defendant. Since the jurisdictional issue was raised first, the court must act on the jurisdictional claim prior to deciding this motion to substitute. See Baldwin Piano and Organ Co., supra. Since the action against the defendant Lee must be dismissed for lack of personal jurisdiction, once the case is dismissed there is no longer a case before the court in which a new defendant could be CT Page 1384 substituted. The appropriate procedure fr the plaintiff to follow in a case such as the one at hand where the wrong person is named as defendant is to bring a new action pursuant to Connecticut's savings statute, General Statutes52-593.
The defendant Lee's motions to dismiss and dissolve garnishment are granted.
Burns, J.