[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On December 3, 1990, the plaintiffs, Steven Butler CT Page 4288 and Hope Payson, filed a complaint against the defendants, Donald LaPointe, Wade Beecher and David Luchs. The plaintiffs seek damages for an allegedly defective septic system. On May 2, 1991, the plaintiffs withdrew their action against defendant Beecher. On October 21, 1991, Mr. LaPointe filed a motion to cite in Mr. Beecher and, on November 4, 1991, this court granted that motion. Consequently, Mr. LaPointe caused a third party complaint to be served on Mr. Beecher. On January 3, 1992, Mr. Beecher filed a motion to dismiss the third party complaint, attaching thereto a supporting memorandum. On February 13, 1992, Mr. LaPointe filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers,215 Conn. 701, 710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Section 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988.)
In its memorandum in support of its motion to dismiss, defendant Beecher claims, inter alia, that because the third party plaintiff never sought the court's permission to implead, the filing of a third party complaint was improper. Beecher states that this failure renders this court without subject matter jurisdiction. The third party plaintiff, in opposing the motion to dismiss, claims, inter alia, that a motion to dismiss is not the proper way to challenge a third party complaint and that the court properly permitted this third party complaint.
As was noted, supra, Mr. LaPointe, pursuant to General Statutes Section 52-102, moved to cite in Mr. Beecher. Section 52-102 states, in pertinent part, that:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be CT Page 4289 made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . .
General Statutes Section 52-102.
Any court, "upon motion, may cite in a new party or parties to any action pending before the court . . ." General Statutes Section 52-103 "Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts." A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14,561 A.2d 142 (1989); Lettieri v. American Savings Bank,182 Conn. 1, 13 437 A.2d 822 (1980). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Sons., Inc., supra.
On November 4, 1991, the court granted Mr. LaPointe's motion to cite in and ordered defendant LaPointe "to serve Wade Beecher with a summons and complaint in the form attached. . . ." The "form attached" was entitled, and is a "Third Party Complaint."
Connecticut's impleader statute General Statutes
Section 52-102a states in pertinent part, that:
 (a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court, if, in its discretion it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded. . . . (Emphasis added.)
General Statutes Section 52-102a. Practice Book Section 117 contains similar language.
There is no "statutory right to implead a third party; the statute commits the decision of such motions CT Page 4290 to the sound discretion of the trial court." Cupina v. Bernklau, 17 Conn. App. 159, 164, 551 A.2d 37 (1988).
Mr. Beecher maintains, inter alia that because Mr. LaPointe failed to obtain the permission of the court to implead Mr. Beecher, the third party complaint should be dismissed. In the present matter, Mr. LaPointe never requested, nor did he receive, permission to implead Mr. Beecher; rather, he sought to cite in Mr. Beecher. As was noted, supra, that motion was granted. Upon the granting of a motion to cite in, the plaintiffs, here, Steven Butler and hope Payson, are required to amend their complaint to state facts showing the interest of the cited-in party and to summon that party to appear as a defendant in this action. See, e.g., Labbadia v. Labbadia, 7 CSCR 186 (February 10, 1992, Arena, J.); Summa v. Kason, 7 CSCR 53 (January 13 1992, Pickett, J.); Henton v. State, 5 CTLR 10, 11 (October 7, 1991, McGrath J.); Samuels v. Stumbers 3 CTLR 304 (March 4, 1991, Spada, J.) See also W. Moller W. Horton, Connecticut Practice, Section 103 (1989 Supp. 1990) (stating that upon the granting of a motion to cite in, "the complaint must be amended to allege a cause of action for or against [the cited-in party]").
In the present matter, the defendant-movant served a third party complaint. As was noted, supra upon the granting of the motion to cite in, the plaintiffs are required to amend their complaint Thus because Mr. LaPointe never received permission to implead Mr. Beecher in accordance with General Statutes Section 52-102a, Cupina- supra, he has not fulfilled requirements of that statute. Cupina, supra. "`Where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over an [action].'" Carrier Corp. v. Travelers Indemnity Co., 4 CTLR 241 242 (July 8, 1991, Koletsky, J.) quoting Connecticut Allied Business Legal Rights Association v. Gaitor, 10 CSCR 12 (March 13, 1984, Aspell, J.) See also Perrine v. Ackerly, 6 CSCR 709 710 (August 15, 1991 Karazin, J.); Office Relocation Management v. Lee,7 CSCR 336, 337 (March 16, 1992, Burns, J.) Because the requirements of General Statutes Section 52-102a were not satisfied this court lacks jurisdiction over the third party complaint, and Mr. Beecher's motion to dismiss is granted. See e.g Carrier Corp., supra. Furthermore, because this court has already granted the motion to cite in, the plaintiffs are hereby ordered to amend their complaint accordingly.
PICKETT, J. CT Page 4291