[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Frank Verderame, filed a complaint consisting of two counts on February 18, 1998. The first count alleges that the defendant, Trinity Estates Development Corporation, owes the plaintiff the sum of $400,000 plus interest on a promissory note. The second count alleges unjust enrichment.
The plaintiff subsequently died while a resident of New York. CT Page 13363 Anthony Verderame, who claims he was duly qualified as executor in the Surrogate Court for Nassau County, New York, filed a motion to be substituted as plaintiff on July 22, 1999, but has not obtained ancillary administration in Connecticut. The executor filed a memorandum in support of his motion on August 13, 1999. The defendant filed an objection to the motion on August 2, 1999.
The executor argues that he has a right to be substituted as plaintiff in this action by authority of General Statutes §52-599, the survival of actions statute. The defendant responds that under Supreme Court precedent, an executor appointed in another state may be substituted as plaintiff only after taking out ancillary administration in Connecticut.
"The qualification of an administrator or executor in a foreign jurisdiction does not, as such, give him the right to administer upon assets here, or to sue to recover a debt due here. He must first take out ancillary administration." EquitableTrust Co. v. Plume, 92 Conn. 649, 654, 103 A. 940 (1918).
The statutory provision cited by the executor, General Statutes § 52-599, reads, in relevant part: "A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party plaintiff dies, his executor or administrator may enter within six months of the plaintiff's death or at any time prior to the action commencing trial and prosecute the action in the same manner as his testator or intestate might have done if he had lived." General Statutes § 52-599 (b). The executor argues that because the statute was passed in 1949, the Supreme Court's opinion in the EquitableTrust case has been abrogated.
The statute, however, did not originate in 1949, but was derived from a virtually identical 1903 law. See Public Acts 1903, No. 193, §§ 1-3.[1] Therefore, the survival of actions statute could not have abrogated the Supreme Court's opinion in the Equitable Trust case, because the statute predates that case. Furthermore, "[s]tatutes providing for substitution of the personal representative of a deceased party generally apply only to a personal representative appointed in the state where the action is pending. If a foreign executor or administrator desires to prosecute an action commenced by his decedent in that state he must obtain ancillary appointment therein." 1 Am. Jur.2d, CT Page 13364 Abatement, Survival, and Revival § 124 (1994). This conclusion is consistent with the decisions of other courts. SeePerrine v. Ackerly, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 078846 (July 12, 1991,Karazin, J.) (6 C.S.C.R. 709); Perrine v. Ackerly, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 078846 (December 19, 1990, Flynn, J.).
The executor further cites a Superior Court case for the proposition that "the personal representative derives his authority to sue not from his probate appointment, but wholly from the statute authorizing the action to be brought by, and in the name of, the personal representative of the decedent." (Internal quotation marks omitted.) Rhoads v. Newman Enterprises,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 522545 (October 7, 1993, Hammer, J.) (8 C.S.C.R. 1099, 1099). The statute referred to in that case, however, is the wrongful death statute, General Statutes §52-555, rather than the survival of actions statute at issue in this case. Similarly, the plaintiff cites a number of other cases involving actions for wrongful death brought under § 52-555. These cases are irrelevant.
Therefore the motion to substitute is denied.
Howard F. Zoarski, Judge of the Superior Court